WILLIAM SHEPHARD, Appellant, v. HENRY K. CARRIEL, Appellee.

APPEAL FROM ST. CLAIR.

Where the certificate of the probate of a will in a foreign State, shows that it was executed and proved according to the laws and usages of such State, and such certificate is conformable to our statute, the will may be admitted in proof. The probate is merely evidence of the right conferred by the will.

A will, executed and proved in another State, need not be filed in the Probate Court of our State.

In a certificate of acknowledgment to a deed and power of attorney, the words, "I am satisfied," are not equivalent to the fact that the party is personally known, as required by Section 20, of Chapter 24, of Revised Statutes, entitled "Conveyances."

The execution and acknowledgment of a power of attorney or deed, made out of this State, is not admissible of record, within Section 16 of Chapter 24, of Revised Statutes, entitled "Conveyances," if the clerk certifying says that he is "Clerk of the County," and attests by the "seal of the County."

THIS was an action of ejectment, brought by appellant to recover of appellee, the possession, in fee, of the N. W. S. E. qr. sec. 24, T. 2 N., R. 6 W., in St. Clair county, Illinois, at March term, 1856. The appellee plead the general issue. Cause tried at the April term, 1857, of the St. Clair Circuit Court, before the court and jury, SNYDER, Judge, presiding.

The appellant, to make out title, offered in evidence, without objection, a patent from the U. S. to Archibald William Yard Lamplin, bearing date January 1st, 1840, for the tract of land in controversy.

It was admitted by the counsel for appellee, that said Archibald W. Y. Lamplin was dead, and that he left Pamela Lamplin his only heir-at-law.

The appellant then offered in evidence the last will and testament of said Pamela Lamplin, which contained certain specific devises, and the following clause, (being the third and last clause of said will,) to wit:

Third—I nominate and appoint James Harper, Robert C. Skidmore and Elias Phillips, executors of this my last will and testament, and I authorize and empower my said executors, or such of them as may qualify, to sell and convey all or any part of my real estate, at public or private sale.

PAMELA LAMPLIN. [L. S.]

Said will was attested as follows:

Signed, sealed, published and delivered, by the testatrix, as and for her last will and testament, in our presence, who, at her request, and in her presence, and

21

Shephard *v.* Carriel.

in the presence of each other, have hereunto subscribed our names and places of residence, as witnesses thereto, this twenty-sixth day of March, A. D. 1845.

CHAS. G. HAVENS, No. 55 Amos street, New York.

JNO. GEO. BOLEN, No. 190 Church street, New York.

CATHARINE S. BOLEN, No. 190 Church street, New York.

SIDNEY MORGAN, Staten Island, New York.

To which will was attached the proceedings of the Surrogate's Court, held in and for the county of New York, at the surrogate's office in the city of New York, on the 1st day of July, 1845.

Present, Charles McVean, Esquire, Surrogate.

Wherein, after reciting the process upon which the persons interested, were notified of the intention to prove said will of Pamela Lamplin, deceased, and copying said will, the following order was entered, viz. :

In the matter of proving the last will and testament of Pamela Lamplin, deceased.

COUNTY OF NEW YORK, ss.

Charles G. Havens, of the city of New York, being duly sworn and examined, before Charles McVean, surrogate of the county of New York, doth depose and say, that he was well acquainted with Pamela Lamplin, now deceased; that he was present as a witness, and did see the said Pamela Lamplin subscribe her name to the instrument in writing, now produced and shown to deponent, purporting to be the last will and testament of said deceased, bearing date the twenty-sixth day of March, one thousand eight hundred and forty-five; that such subscription was made by the said testatrix in the presence of this deponent; that the said testatrix, at the same time, declared the instrument so subscribed by her, to be her last will and testament. Whereupon this deponent signed his name, as a witness, at the end thereof, in the presence of, and at the request of, said testatrix, and that the said testatrix, at the time of executing and publishing the said last will and testament, was of full age, and of sound mind and memory, and not under any restraint, and was, in all respects, competent to devise real estate. And deponent further says, that he saw John G. Bolen, Catharine A. Bolen and Sidney Morgan sign said will as witnesses, in the presence of, and at the request of, said testatrix.

C. G. HAVENS.

Sworn this first day of July, 1845, before me,

CHARLES McVEAN.

A similar affidavit, of John Geo. Bolen, made on the same day as the former, and before the same person, is also attached to said will. And then follows the following order, viz. :

COUNTY OF NEW YORK, ss.

Recorded the preceding last will and testament of Pamela Lamplin, deceased, as a will of real and personal estate, together with the proofs, examinations and other proceedings, taken and had in the court of the surrogate of the county of New York, relating to the proving of the said last will and testament, which record is signed and certified by me, pursuant to the provisions of the Revised Statutes, this first day of July, in the year of our Lord, one thousand eight hundred and forty-five.

CHARLES McVEAN.

Shephard *v.* Carriel.

The People of the State of New York, by the grace of God free and independent, to all to whom these presents shall come or may concern, send greeting:

KNOW YE, That at the county of New York, on the first day of July, in the year of our Lord one thousand eight hundred and forty-five, before Charles Mc-Vean, Esq., surrogate of our said county, the last will and testament of Pamela Lamplin, deceased, was proved, and is now approved and allowed by us, and the said Pamela Lamplin being, at or immediately previous to her death, an inhabitant of the county of New York, by reason whereof the proving and registering of said will, and the granting administration of all and singular the goods, chattels and credits of the said testatrix, and, also, the auditing, allowing and final discharging the accounts thereof, doth belong with us, the administration of all and singular the goods, chattels and credits of the deceased, and any way concerning her will, is granted unto James Harper, of the city of New York, one of the executors, in the said will named, he being first duly sworn, faithfully and honestly to discharge the duties of such executor, according to law. In testimony whereof, we have caused the seal of office of our said surrogate to be hereunto annexed. Witness, Charles McVean, esquire, surrogate of our said county, at the city of New York, the nineteenth day of July, in the year of our Lord one thousand eight hundred and forty-five, and of our independence the seventieth.

CHARLES McVEAN. [SEAL.]

STATE OF NEW YORK, } ss.
  COUNTY OF NEW YORK. }

I, Charles McVean, surrogate of the county of New York, and acting as clerk of the surrogate's court, do hereby certify that on searching the re ords of the surrogate's court, I find that on the first day of July, one thousand eight hundred and forty-five, the last will and testament of Pamela Lamplin, late of the city of New York, deceased, was duly proved and admitted to probate and record by Charles McVean, surrogate of the county of New York, as a will of real and personal estate, according to the laws of the State of New York, and that letters testamentary thereon were, on the nineteenth day of the same month, granted to James Harper, of the city of New York, one of the executors named in said will in due form, he being the only one who was qualified and taken upon himself the execution thereof.

And I further certify that I have compared the foregoing copy of the said last will and testament, and the letters testamentary granted thereon, with the original record thereof now remaining in this office, and have found the same to be a correct transcript therefrom and of the whole of such original, and that said letters have not been revoked, but remain in full force.

In testimony whereof, I have hereunto set my hand and affixed my seal of office, this sixteenth day of November, in the year of our Lord one thousand eight hundred and forty-seven, and of our independence the seventy-second.

[SEAL.]

CHARLES McVEAN, *Surrogate.*

STATE OF NEW YORK, }
CITY AND COUNTY OF NEW YORK, } ss.
         *Surrogate's Court.* }

I, Charles McVean, surrogate of said county, and presiding magistrate of the Surrogate's Court, do hereby certify that the foregoing exemplication of the last

Shephard *v.* Carriel.

will and testament of Pamela Lamplin, deceased, and the letters testamentary granted thereon, is authenticated in due form.

In testimony whereof, I have hereunto set my hand, and affixed the seal of the Surrogate's Court, this sixteenth day of November, [SEAL.] in the year of our Lord one thousand eight hundred and forty-seven, and of our independence the seventy-second.

CHARLES McVEAN, *Surrogate.*

STATE OF NEW YORK, } ss.
CITY AND COUNTY OF NEW YORK. }

I, Charles McVean, surrogate of said county, do certify that, by virtue of my office as surrogate, I am sole clerk and sole judge of said Surrogate's Court, and that the foregoing certificates made by me are properly made, the one in my capacity as clerk and the other as presiding magistrate of said court.

In testimony whereof, I have hereunto set my hand and affixed my seal of office, this sixteenth day of November, in the year of our [SEAL.] Lord one thousand eight hundred and forty-seven, and of our independence the seventy-second.

CHARLES McVEAN, *Surrogate.* ]

Filed for record in St. Clair county, December 8, 1851. Recorded in book B, No. 2, page 42. THEODORE ENGELMAN.

Recorded in St. Clair county, Illinois, book D, pages 284, 285 and 286.
*February* 11, 1857. JOHN SCHEEL, *Clerk.*

To the admission of which, in evidence, the appellee objected, on the ground that there was not sufficient evidence of the due execution and proof of the will, in the State of New York, and for the further reason, that it was not recorded in the St. Clair County Court previous to the commencement of the suit, (no objection was made to the form of the certificate of the clerk of St. Clair County Court,) which objections were sustained by the court, and said will was excluded from the jury.

The appellant then offered in evidence the power of attorney from Ann Phillips to Jacob Van Dike, bearing date 3rd June, 1847, authorizing him to sell and convey, among other lands, the tract of land in controversy. To which power of attorney was attached the following certificate, viz.:

STATE OF NEW JERSEY, } ss.
MERCER COUNTY. }

BE IT KNOWN, That on the third day of June, in the year of our Lord one thousand eight hundred and forty-seven, before me, Samuel Evans, one of the judges of the inferior Court of Common Pleas, in and for the county of Mercer, personally appeared Ann Phillips, who is, I am satisfied, the grantor mentioned in the foregoing letter of attorney, and the contents thereof were by me made known unto her, and she did thereupon acknowledge that she signed, sealed and delivered the same as her voluntary act and deed for the uses and purposes therein mentioned. SAMUEL EVANS.

Shephard *v.* Carriel.

STATE OF NEW JERSEY, } ss.
    MERCER COUNTY.

I, Ralph H. Shreve, clerk of the county of Mercer, in the State of New Jersey, do hereby certify that Samuel Evans, Esq., the person before whom the foregoing acknowledgment was taken, was, at the time of the taking thereof, one of the judges of the inferior Court of Common Pleas, in and for said county, duly commissioned and sworn, and to all his official acts, as such, full faith and credit are due and ought to be given, as well in courts of judicature as thereout.

              Witness my hand and seal of office, this third day of June, A. D.
[L. S.]    eighteen hundred and forty-seven.

                              R. H. SHREVE, *Clerk.*

Also, a deed accompanying said power of attorney, from Ann Phillips, by her attorney in fact, Jacob Van Dike, to William Shephard, bearing date 7th March, 1851, and conveying, among other lands, the tract of land in question. To which said deed were attached the following certificates:

STATE OF NEW JERSEY, } ss.
    MIDDLESEX COUNTY.

BE IT REMEMBERED, That on this eighth day of March, in the year of our Lord one thousand eight hundred and fifty-one, before me, the subscriber, Peter P. Runyon, one of the judges of the inferior Court of Common Pleas, in and for the said county of Middlesex, in said State, duly qualified and authorized to administer oaths, and to take acknowledgment and proof of deeds in said State, personally appeared Jacob Van Dike, who, I am satisfied, is the attorney in fact of Ann Phillips, the grantor named in the foregoing conveyance, and I having first made known to him the contents thereof, he acknowledged that he signed, sealed and delivered the same in the name of and as the voluntary acts and deed of said Ann Phillips for the uses and purposes therein mentioned.

All of which I certify under my hand at New Brunswick, in said county and State, the day and year aforesaid.

                            PETER P. RUNYON, *Judge.*

STATE OF NEW JERSEY, } ss.
    MIDDLESEX COUNTY.

I, Nicholas Booream, clerk of the county of Middlesex, in the State of New Jersey, do hereby certify that Peter P. Runyon, Esq., the person before whom the foregoing acknowledgment was taken, was, at the time of the taking thereof, one of the judges of the inferior Court of Common Pleas, in and for said county, duly commissioned and sworn, and to all whose official acts, as such, full faith and evidence is given, and that his signature to the foregoing certificate of acknowledgment is genuine.

              In witness whereof, I have hereunto subscribed my name, and
[L. S.]    affixed the seal of said county, this 8th day of March, A. D. 1851.
                            N. BOOREAM, *Clerk.*

STATE OF NEW JERSEY, } ss.
    MIDDLESEX COUNTY.

I, Nicholas Booream, clerk of the county of Middlesex, in the State of New Jersey, do hereby certify that the annexed power of attorney and deed are respect-

ively executed and acknowledged in conformity with the laws of the State of New Jersey.

              In witness whereof, I have hereunto set my hand and affixed seal

[L. S.]    of county, this 7th day of July, A. D. 1852.

                                 N. BOOREAM, *Clerk.*

Said power of attorney and deed were recorded in the recorder's office of St. Clair county, on the 8th December, 1851, in book B, No. 2, p. 48.

To the admission of said power of attorney and deed in evidence, the appellee objected, which objection was sustained by the court, and the same were excluded from the jury. The above was all the testimony offered. The jury returned a verdict of not guilty.

And thereupon the appellant moved for a new trial, for the following reasons:

1st. The court excluded from the jury proper evidence offered on the part of appellant.

2nd. The finding of the jury was contrary to law and evidence.

3rd. The finding of the jury should have been guilty.

Which motion was overruled, to the overruling of which the appellant at the time excepted.

The original deed, from James Harper, executor of Pamela Lamplin, to Ann Phillips, bearing date 1st of May, 1846, for the tract of land in controversy, and which was offered in evidence and excluded by the court, has the following acknowledgment attached to it:

STATE OF NEW YORK,   ⎰
CITY AND COUNTY OF NEW YORK. ⎱ ss.

Be it remembered that, on the eighth day of May, 1847, before me, the subscriber, a commissioner in said State to take depositions, etc., to be used, as recorded, in the State of Illinois, duly commissioned and qualified, appeared Freeborn G. Luckey, of the city of New York, personally known to me to be the person whose name is subscribed to the foregoing deed as a subscribing witness of the execution thereof, and being duly sworn, deposed and said, that he is personally acquainted with James Harper, whose name appears subscribed to said deed, as grantor, and knows him to be the real person who executed the same, and that he subscribed his name, as a witness thereto, in the presence, and at the request, of the said James Harper, which to me is satisfactory proof of the due execution of said deed.

             In testimony whereof, I have hereunto subscribed my name, and

[SEAL.]    affixed my seal of office, this eighth day of May, one thousand eight hundred and forty-seven.

              MOSES B. MACLAY, *Commissioner of Illinois.*

Which deed was recorded in the recorder's office of St. Clair county, on the 8th day of December, 1851.

BREESE, J.   Two objections were raised in the Circuit Court to this will as evidence: First, That there was not sufficient evidence of its due execution and proof in the State of New York.   Second, That it was not rendered in the St. Clair County Court previous to the commencement of the suit.

These objections were sustained and the paper excluded.

We are satisfied the will is sufficiently proved.   The certificate of the probate in New York is conformable to our statute. R. S. sec. 8, chap. 109.   It sufficiently appears from it that the will was duly executed and proved agreeably to the laws and usages of that State.

The right of the party claiming under the will arises out of the will, and by the will, and when the will is probated, the proof, at the same time, is created of this right, which vested at the death of the testator, the probate not conferring the right, but being merely evidence of the right.

Upon the other point, we think it wholly immaterial when the papers are filed in the Probate Court of our State.

The power of attorney offered in evidence, and the deed executed under it, to the appellant, were properly excluded from the jury, because the certificates of the judge of the Common Pleas of Mercer county, New Jersey, is not conformable to our statute, sec. 20, chap. 24.   He does not certify that the person executing the power of attorney is personally known to him as the real person in whose name it is executed.   " I am satisfied," are not equivalent words.   How satisfied ?   This should be made apparent in the mode there pointed out, either by personal knowledge, or by proof by a credible witness.   The certificate, not furnishing this most necessary proof, is defective.

And the same objection lies to the certificate of the judge of Middlesex county, as to the execution of the deed under the power.   The execution of these papers is not aided by the certificate of the clerk of Middlesex county.

Section 16 of our conveyance act, chap. 24, makes the execution and acknowledgment of deeds, made out of this State, available for record when they are in conformity with the laws of the State where made, provided, " That any clerk of a court of record, within such State, territory or district, shall, under his hand and the seal of such court, certify that such deed or instrument is executed and acknowledged, or proved, in conformity with the laws of such State, territory or district." Now, it no where appears from the clerk's certificate that he is a clerk of " a court of record."   His certificate establishes no such fact, but only that he is " clerk of the county," and attests it by the " seal of the county."   A reasonably strict compliance with the requirements of our law, which is very liberal in its

provisions, must be insisted upon, and in so doing, this certificate must be adjudged essentially defective. The same remarks apply also to the clerk's certificate of the official character of the judge of Middlesex.

For the reasons first given as to the rejection of the proof of the will, the judgment is reversed and the cause remanded.

*Judgment reversed.*