SAMANTHA GARDNER

*v.*

PETER A. LADUE.

</div>

1. WILLS—*made in a foreign State.* Where the certificate of the probate of a will in a foreign State, shows that it was executed and proved according to the

laws of that State, and such certificate is in the mode required by our statute, it is admissible in evidence.

2. SAME. And it is no objection, that the will was proved by only one of the subscribing witnesses, when, by the laws of the State where such will was made, but one witness was necessary to prove its execution.

3. ESTOPPEL. Where two persons, both bearing the same name, became entitled to military bounty land, and a patent was issued to each for certain lands, differently located, and in the delivery of the patents a mistake occurred, by which the patent of one was delivered to the other, but both acted on the facts of the case existing at the time, and profited out of the same, without objection being made on the part of either: *Held*, that neither their grantees nor any other person, could raise the question of such mistake in the delivery of the patents; and that each of them, and their representatives, were estopped from claiming the land of the other.

APPEAL from the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

The opinion states the case.

Mr. W. C. HOOKER and Mr. G. EDMUNDS, Jr., for the appellant.

Mr. H. W. DRAPER and Mr. N. BUSHNELL, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment, in the Hancock Circuit Court, by Peter A. Ladue against Samantha Gardner, and a verdict and judgment for the plaintiff.

The land in controversy was described as the southeast quarter of section 35, town 7, north range 7, west of the fourth principal meridian, in Hancock county.

The plaintiff, to prove title in himself, was required to produce the will, or a certified copy thereof, of one Isaac J. Blauvelt, to whom the patent issued from the United States. He produced a certified copy of such will, dated September

16, 1825, admitted to probate May 1, 1826, before the surrogate of Rockland county, New York, by which he bequeathed all his estate, real and personal, to his wife, Sarah. The will was signed Isaac I. $\overset{\text{his}}{\underset{\text{mark}}{\times}}$ Blauvelt.

Defendant objected to the introduction of this will, but, we are of opinion, without satisfactory grounds.

The copy of the will was duly certified in the mode required by the laws of this State. Scates' Comp. 1129; *Shephard* v. *Carriel*, 19 Ill. 313.

As to the objection that the will was proved by one only of the subscribing witnesses to it, it is sufficient to say that by the laws of the State of New York, under which this will was made, but one witness was necessary to prove its execution. *Jackson ex dem. Hunt* v. *Lugrere*, 5 Cowen, 224. There, the court say, "it is necessary in every case, to establish the fact that the testator executed the will in the presence of three witnesses; or, in cases where such proof does not exist, to give other evidence from which it may be presumed. This may be done by calling one or more of the witnesses to prove the execution agreeably to the statute," &c.

This case resembles the fanciful one portrayed by the great author in his "Comedy of Errors," in which Dromio, of Ephesus, and Dromio, of Syracuse, are the principal characters. Here, the principal characters are Isaac Blauvelt, of Hartills' company of the 27th regiment of U. S. Infantry, in the war of 1812, and Isaac Blauvelt, of Capt. Crane's company in the same regiment. Both these Isaacs were entitled to military bounty land, and we are satisfied, from the testimony, that the patent issued for the one Isaac, came to the hands of the other Isaac. That patent for the land in question, in Hancock county, was sent to the deceased Isaac is unquestionable from the testimony, for Benjamin Wood proves it came into that Isaac's possession soon after it was issued, and so remained up to the time of his death.

The other Isaac, in 1822, procured an exemplification of the patent to the Marshall county land, being the southwest quarter of section 17, town 12 north, range 9 east, and sold it in 1846. Admitting then, that under the warrants issued to these "Dromios," the patents should have been differently issued, yet the other Isaac, in selling the Marshall county tract, claimed the benefit of that patent by selling it; the devisee of this Isaac, in selling the Hancock county tract, claimed the benefit of that patent. The plaintiff, by deducing title, through this devisee of the Hancock tract showed a *prima facie* legal title by his papers, therefore, neither the Isaac who received the patent for the Marshal county land and sold it, nor his grantees, nor any other person, can raise the question of a mistake in the delivery of the patents. Both the Isaacs have acted on the facts existing at the time, and both have profited by the bounty of the government, without any objection on the part of either. Each of them, and their representatives or assignees, would be equally estopped from claiming the land of the other. We see no error in the judgment of the circuit court, and therefore affirm the same.

*Judgment affirmed.*