THE CATHOLIC UNIVERSITY OF AMERICA

*v.*

LAVERNE P. BOYD *et al.*

*Opinion filed April 18, 1907—Rehearing denied June 5, 1907.*

1. REAL PROPERTY—*rule as to constructive notice from recording of copy of will—conveyances.* Under· section 33 of the act relating to conveyances, a duly authenticated and certified copy of a will admitted to probate in a foreign State operates as constructive notice only from the date of the filing of the same for record. (*Bliss* v. *Seeley,* 191 Ill. 461, followed.)

2. SAME—*when conveyance by the heirs is good as against devisees.* A conveyance of land in Illinois by the heirs of a non-resident owner to persons who had no actual notice that such deceased owner had left a will, his estate having been administered in the foreign State as an intestate estate, as shown by the records of the county in Illinois where the lands were situated, is good as against a subsequent conveyance by the devisees of such deceased owner under a will admitted to probate in the foreign·State after the conveyance by the heirs was made.

3. SAME—*when pendency of suit to establish will does not affect rights of grantees of heirs.* The fact that at the time of a conveyance of land in Illinois by the heirs of a non-resident owner, who died in a foreign State, there was pending in a court of such State a bill to establish a will of the decedent, does not affect the rights of the grantees if they had no actual knowledge of the pendency of the suit.

APPEAL from the Circuit Court of Cook county; the Hon. G. A. CARPENTER, Judge, presiding.

WILLIAM DILLON, and CLARENCE A. TOOLEN, for ·appellant:

In Illinois, and in States having similar statutory provisions, a domestic will becomes operative as a conveyance of real estate thereby devised when it is admitted to probate. 3 Starr & Cur. Stat. sec. 2, p. 4026; *Harris* v. *Douglas,* 64 Ill. 466; 23 Am. & Eng. Ency. of Law, (2d ed.) 117.

The cases so far decided by the Supreme Court of this State leave it uncertain whether, since the enactment of sec-

tion 9 of the Wills act, a foreign will executed in accordance with the requirements of the Illinois law becomes operative as a conveyance of real estate in Illinois thereby devised when it is proved in the jurisdiction of the domicile at time of death, or whether it does not become so operative until an authenticated transcript of such a will and the probate thereof has been recorded in the county or probate court of the proper county, in accordance with the provisions of said section 9 (read in connection with section 2) of the Wills act. 3 Starr & Cur. Stat. p. 4040; *Newman* v. *Willetts,* 52 Ill. 98; *Bliss* v. *Seeley,* 191 id. 461; *Harrison* v. *Weatherby,* 180 id. 418; 23 Am. & Eng. Ency. of Law, 141.

When a will, whether domestic or foreign, has been made valid as a conveyance of real estate, whether by probate or by the recording of an authenticated copy under section 9 of the Wills act, it relates back to and speaks from the death of the testator. If the heirs have in the meantime disposed, on the theory of intestacy, of real estate which is devised by the will, such disposition is inoperative as against the title of the devisee. The probate of the will is, in effect, a find-- ing by the court that the state of intestacy as to such real estate never existed, and that therefore the heirs, as such, never took any interest in such real estate, or that if they did take any interest as heirs during the time that elapsed between death and probate, it was an interest of a special character, subject to complete defeat by the probate of the will. In this regard there is no distinction between a domestic and a foreign will. 23 Am. & Eng. Ency. of Law, (2d ed.) 136; 3 Starr & Cur. Stat. p. 4040; *Kennedy* v. *Northup,* 15 Ill. 148; *Bowen* v. *Allen,* 113 id. 53; *Gaines* v. *Hennen,* 24 How. 553; *Goodman* v. *Winter,* 64 Ala. 410; *Sutphen* v. *Ellis,* 35 Mich. 446.

The defense of purchase for value without notice, under the general doctrine of equity, can only be relied on by one who has the legal title or the better right to call for the legal title. 23 Am. & Eng. Ency. of Law, (2d ed.) 472,

479; *Gaines* v. *New Orleans,* 6 Wall. 643; *McCormick* v. *Sullivant,* 10 Wheat. 192.

In the case of private, as distinguished from judicial, sales, the purchase on the faith of a decree must be made while the decree remains unattacked by writ of error or otherwise. If the decree is under attack at the time the purchase is made it cannot avail to protect the purchaser. *Wadhams* v. *Gay,* 73 Ill. 415; *Barlow* v. *Standford,* 82 id. 298; *Hannas* v. *Hannas,* 110 id. 53; *Knobloch* v. *Mueller,* 123 id. 554.

In regard to this defense there is an important distinction between judicial and private sales. Judicial sales will be protected where private sales will not be protected. Thus, for obvious reasons a judicial sale will often be protected even if made while proceedings to reverse are pending, provided such proceedings do not operate as a *supersedeas.* 17 Am. & Eng. Ency. of Law, (2d ed.) 810; *Davis* v. *Gaines,* 104 U. S. 386; *Gilman* v. *Hamilton,* 16 Ill. 225.

A suit to establish a will is a suit *in rem,* and is *lis pendens* as to purchasers from parties to the suit, whether or not the land is situated in the same county in which the suit is pending. *McIlwrath* v. *Hollander,* 73 Mo. 105; *Garth* v. *Ward,* 2 Atk. 174.

CHARLES L. BARTLETT, (JAMES S. MURRAY, of counsel,) for appellees:

The object of the Recording act is to provide a public record which shall furnish to all persons interested authentic information as to titles to real estate and enable them to act on the information thus acquired. *St. John* v. *Conger,* 40 Ill. 535; *Lennartz* v. *Quilty,* 191 id. 174; *Earle* v. *Fiske,* 103 Mass. 491; *Kennedy* v. *Northup,* 15 Ill. 148; *Lyon* v. *Gleason,* 42 N. W. Rep. 286; *Foulke* v. *Zimmerman,* 81 U. S. 113.

The appellees having acquired the legal title without notice of the will of Maurice O'Brien, and prior to the time

that an authenticated copy of the said will was filed and re-
corded in Illinois, will hold such legal title unaffected by
said will.   Conveyance act, sec. 33; *Earle* v. *Fiske,* 103
Mass. 491; *Burton* v. *Perry,* 146 Ill. 71; *Stevens* v. *Shan-
nahan,* 160 id. 330; *Kerfoot* v. *Cronin,* 105 id. 609; *Irish*
v. *Sharp,* 89 id. 261; *Carbine* v. *Pringle,* 90 id. 302; *Tar-
bell* v. *West,* 86 N. Y. 280; *Slayton case,* 72 Tex. 209.

The appellees are not chargeable with notice of the will
of Maurice O'Brien, deceased, either under the doctrine of
*lis pendens* or under the doctrine of constructive or implied
notice.   Wade on Notice, sec. 354; *Carr* v. *Coal Co.* 96
Mo. 149; *Shelton* v. *Johnson,* 4 Sneed, 672; *Carrington* v.
*Brents,* 1 McLean, 167; *Harrison* v. *Weatherby,* 180 Ill.
418; Story on Conflict of Laws, (8th ed.) sec. 591.

A will probated in a foreign State is not notice and has
no force or validity in this State, and cannot affect the titles
to lands located in this State until a duly authenticated copy
of the will has been filed and recorded, as provided by the
statutes of the State of Illinois.   The appellees therefore
took their title to the premises in question unaffected by the
will of Maurice O'Brien, deceased.  *McCormick* v. *Sullivant,*
10 Wheat. 192; *United States* v. *Crosby,* 7 Cranch, 115;
*Kerr* v. *Moon,* 9 Wheat. 565; *Harrison* v. *Weatherby,*
180 Ill. 418; *Wells, Fargo & Co.* v. *Walsh,* 87 Wis. 67;
*Robertson* v. *Pickrell,* 109 U. S. 608; *Lucas* v. *Tucker,* 17
Ind. 41; *Evansville Co.* v. *Winsor,* 148 id. 682; 2 Wharton
on Conflict of Laws, 1390; *Lewis* v. *Barnhart,* 145 U. S.
56; Wills act, sec. 9; *Railroad Co.* v. *Railroad Co.* 199
U. S. 160; Conveyance act, sec. 33; *Bliss* v. *Seeley,* 191
Ill. 461.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit was begun by appellant filing a petition under
the Burnt Records act to establish its title to certain real
estate therein described, situate in the city of Chicago.   It
is stated by counsel that an action of ejectment was orig-

inally begun, but believing appellees had equities that could not be protected in that proceeding it was abandoned and this suit instituted. The propriety of this form of proceeding is not raised or questioned by appellees. The merits of the questions involved have been elaborately discussed by both sides, and we will proceed to a consideration of them.

The appellant claims title to the land in controversy as devisee of Maurice O'Brien, who died in Lawrence county, Missouri, January 10, 1895. On the 14th of February following, an instrument purporting to be his will was presented to the probate court of Lawrence county, Missouri, for probate, but was by said court denied probate on account of lack of mental capacity on the part of testator. The instrument purporting to be the will of O'Brien, after making certain specific bequests to some of his children and other legatees, gave all that was left of his estate, after paying the specific legacies, to appellant. It is by virtue of this residuary clause of the will that appellant claims the land in controversy. After the will was denied probate, letters of administration were issued to Eliza A. O'Brien, as widow of Maurice O'Brien. Said letters were issued under date of February 18, 1895, and recited that said Maurice O'Brien died intestate. The estate was thereafter administered as intestate, and the administratrix was discharged by the probate court of Lawrence county August 28, 1897. On the 23d of October, 1900, the widow and heirs of Maurice O'Brien conveyed, by warranty deed, the property in controversy to P. Francis Byrne, of Chicago. Byrne's deed was recorded in Cook county November 16, 1900. Byrne had the property platted into five lots, and in December, 1900, sold and conveyed them to Mathew F. Raftree. Raftree immediately entered into possession of the said lots and erected on each of them a stone-front brick residence. The cost of the improvements was about five times the value of the lots. Raftree sold a lot to each of the appellees Boyd, Gittings, Isabella McNash, Belle T. Thayer and Mary A.

Hickey, who are now in possession. It is conceded that Byrne, Raftree and said appellees each bought in ignorance of any defect in the title and without actual notice of any claim of anyone else to any interest in the premises. Before Byrne purchased the premises from the widow and heirs of O'Brien, there were submitted to him and his counsel certified copies of the letters of administration to Eliza O'Brien; her oath of office as administratrix, in which she stated that Maurice O'Brien died intestate; also an affidavit of John Dailey, the husband of one of the heirs of Maurice O'Brien, stating the names of all the heirs of said Maurice O'Brien; also a certified copy of the order of the probate court of Lawrence county, Missouri, showing the final settlement of the estate of Maurice O'Brien and the discharge of the administratrix. All these papers were caused to be recorded by said Byrne in the office of the recorder of Cook county on November 20, 1900.

On the 22d of June, 1898, appellant filed a petition in the circuit court of Lawrence county, Missouri, to establish the will of Maurice O'Brien. By the statutes of the State of Missouri the probating of a will is an *ex parte* proceeding. Notice of the intended application is not required to be given, and no provision is made for an appeal from the probate court from an order either admitting or denying probate. Section 4622 of the Missouri statutes is as follows: "If any person interested in the probate of any will shall appear within five years after the probate or rejection thereof, and, by petition to the circuit court of the county, contest the validity of the will or pray to have a will proved which has been rejected, an issue shall be made up whether the writing produced be the will of the testator or not, which shall be tried by a jury, or if neither party require a jury, by the court." Further provision is made for appeal from the judgment of the circuit court, as to matters of law, to the Supreme Court or to the St. Louis and Kansas City court of appeals. By section 4624 it is provided that if no

person .shall appear within five years after the probate or rejection of a will, the judgment of the probate court will be binding, except as to certain persons named, under disability.

A trial was had under appellant's petition in the circuit court of Lawrence county, Missouri, to establish the will of Maurice O'Brien, in August, 1900, resulting in a verdict and judgment against appellant. From that judgment the appellant prosecuted an appeal to the Supreme Court of the State of Missouri, where the judgment of the circuit court was reversed and the cause remanded to the circuit court, with directions to enter a judgment confirming the will. Afterwards, and in pursuance of said judgment and order, such proceedings were had that the will of said Maurice O'Brien was admitted to probate on July 8, 1904. On the 30th of September, 1904, authenticated copies of the will and the probate thereof were filed in the probate court of Cook county, Illinois, and on the petition of William Dillon an order was entered in said court that said authenticated copy of said will, and the certificate of probate thereof, be recorded, and that said William Dillon be appointed administrator with the will annexed of the estate of Maurice O'Brien. An authenticated copy of the said will, and the proceedings had thereon in the circuit and probate courts of Lawrence county, Missouri, for its probate, were recorded in the office of the recorder of deeds of Cook county January 5, 1905. The petition in this case was filed April 27, 1905.

There is no dispute whatever as to the facts. The controversy is one of law, namely, whether, under the undisputed facts as above set out in substance, the appellant, as devisee in the will, is the owner of the premises in controversy, or whether those claiming title by purchase from the heirs of Maurice O'Brien before the will was admitted to probate and before authenticated copies thereof and of its probate had been recorded either in the probate court or

the recorder's office of Cook county, Illinois, and before they had any knowledge of the existence of the said will, are the owners.    Upon the hearing in the circuit court that court dismissed the bill, and appellant has brought the case to this court by appeal.

Section 2 of the chapter on wills (Hurd's Stat. 1905, p. 2050,) provides, among other things, that when a will has been proven in accordance with the requirements therein specified, it shall, together with the probate thereof, be recorded by the clerk of the probate court in a book kept for that purpose, and shall be good and available in law for the granting and conveying lands thereby devised.    Sections 9 and 10 are as follows:

"Sec. 9. All wills, testaments and codicils, or authenticated copies thereof, proven according to the laws of any of the United States, or the territories thereof, or of any country out of the limits of the United States, and touching or concerning estates within this State, accompanied with a certificate of the proper officer or officers that said will, testament, codicil or copy thereof was duly executed and proved, agreeably to the laws and usages of that State or country in which the same was executed, shall be recorded as aforesaid, and shall be good and available in law, in like manner as wills made and executed in this State.

"Sec. 10. All wills, testaments and codicils, which heretofore have been, or shall hereafter be made, executed and published out of this State, may be admitted to probate in any county in this State in which the testator may have been seized of lands, or other real estate, at the time of his death, in the same manner, and upon like proof as if the same had been made, executed and published in this State, whether such will, testament or codicil, has first been probated in the State, territory or country in which it was made and declared or not.    And all original wills, or copies thereof, duly certified according to law, or exemplifications from the records in pursuance of the law of Congress in relation to rec-

ords in foreign States, may be recorded as aforesaid, and shall be good and available in law, the same as wills proved in such county court."

Appellant contends that under these sections of the statute, when it caused the will, with its certificate of probate, to be filed in Cook county, Illinois, its title to the land in controversy became complete and related back to the date of the death of testator; while appellees' contention is, that the will of Maurice O'Brien, which was probated in the State of Missouri, could not affect the title to land in this State until an authenticated copy had been filed in this State in accordance with the sections of the statute above quoted; that at the time the conveyance was made by the heirs of Maurice O'Brien his will had not been admitted to probate in the State of Missouri; that appellees and their predecessors in title had no knowledge of said will, either actual or constructive, and are not chargeable with notice of its existence, either under the doctrine of *lis pendens* or otherwise.

The principal and controlling questions involved in this case have been passed upon by this court in *Bliss* v. *Seeley*, 191 Ill. 461, and *Harrison* v. *Weatherby*, 180 id. 418. In the former case the will of David William Hall, purporting to dispose of all of the testator's estate, a part of which was lands in Illinois, was probated in the State of Nebraska, March 12, 1900. July 3, 1900, a number of the heirs of David William Hall conveyed their interest in the Illinois lands to Bliss. His deed was recorded in Shelby county, where the lands were situate, August 12, 1900. On the 17th of December, 1900, and after suit was brought for partition of the premises, in which suit Bliss claimed an interest in the lands under his deed from the heirs of David William Hall, there was filed in the recorder's office of Shelby county a copy of the will of said David William Hall, together with the record of its probate in Nebraska. The devisees under said will claimed title to the lands sought to be partitioned and denied that Bliss acquired any interest in the premises

227—19

under his deed from the heirs of the testator. In passing upon this question the court, after quoting section 9 of the Statute of Wills above set out, said (p. 471): "On February 14, 1857, an act of the legislature was passed which, with slight changes and additions, appears now in the Revised Statutes as section 33 of the act in regard to conveyances. Said section 33 of the act in regard to conveyances is as follows: 'All original wills duly proved, or copies thereof duly certified, according to law, and exemplifications of the record of foreign wills made in pursuance of the law of Congress in relation to records in foreign States, may be recorded in the same office where deeds and other instruments concerning real estate may be required to be recorded; and the same shall be notice from the date of filing the same for record as in other cases, and certified copies of the record thereof shall be evidence to the same extent as the certified copies of the record of deeds.' (1 Starr & Cur. Ann. Stat.—2d ed.—p. 954.) Certainly the following words in section 33, to-wit, 'the same shall be notice from the date of filing the same for record as in other cases,' were intended to have some meaning. If 'exemplifications of the record of foreign wills made in pursuance of the law of Congress in relation to records in foreign States' operate as notice from the date of filing the same for record in the recorder's office of a county in this State, then third persons acquiring interests in land adverse to the devisees in such wills cannot be said to have constructive notice of such wills when such exemplifications are not so recorded. In the case at bar it is not claimed that the appellant, Bliss, had any actual notice of the existence of the will of David William Hall when he obtained his deed dated July 3, 1900, and recorded August 12, 1900. There was nothing upon record in the recorder's office of Shelby county, or elsewhere in this State, which would give him constructive notice of the existence of the will of David William Hall when he obtained or recorded his deed. It is true that on December 17, 1900, what

purported to be a certified copy of the will of David William Hall, and of the proceedings for the probate thereof, was recorded in the recorder's office of Shelby county. If the certificate to the copy so recorded on December 17, 1900, had been regular and in proper form, the record of it on that day would have been no notice, as the appellant, Bliss, had obtained and recorded his deed theretofore, on August 12, 1900."

*Harrison* v. *Weatherby, supra,* was also a contest between a purchaser from the heirs of one who was supposed to have died intestate in a foreign State, and parties whose title depended upon a will of the owner. The will relied upon was executed in the State of North Carolina. Authenticated copies were filed in Illinois, where the lands, or some of them, in controversy were situate, but the court held that the exemplifications of the will and record of its probate were not in compliance with law, because the certificate of attestation attached to the record was made by the Governor of the State of North Carolina instead of the judge of the probate court, and that recording it could not have the effect of passing title. The court said (p. 436) : "It is not alleged in the bill that the appellees, or Green, under whom they hold, had any actual notice of the will of Richard Smith or that the same was recorded in Illinois. By alleging, however, that a copy of the will was recorded in Illinois it is impliedly charged that Green or appellees had constructive notice of the will. But the copy, as recorded, did not operate as constructive notice unless it was authenticated and certified in the manner required by section 9."

In *Bliss* v. *Seeley, supra,* the court held that the certificate attached to the copy of the will, and its probate, filed in Shelby county December 17, 1900, was irregular and defective, and counsel for appellant contend that this was the basis of the decision in that case and also in *Harrison* v. *Weatherby, supra;* that the court having found the exemplification of the will and its probate in both cases so de-

fective as that its record would not be notice to any one, it was unnecessary to have discussed any other question, and everything said in the opinions of the court upon other propositions should be regarded as *obiter dicta.* In this we cannot agree with counsel. In the *Bliss case* it is expressly said that if the defective certificate had been in proper form, recording the will would have been no notice, because Bliss had obtained and recorded his deed before the will was recorded in Shelby county. It is clearly held in both cases that the purpose of requiring foreign wills to be recorded in this State is to give notice, and that filing copies without proper authentication cannot be considered notice, and in the absence of notice of a will in a foreign State, actual or constructive, a conveyance, by the heirs of the testator, of lands in this State is held to be good as against the devisees subsequently filing a copy of the will for record. Upon this question the court said in *Bliss* v. *Seeley, supra,* in analyzing *Shephard* v. *Carriel,* 19 Ill. 313, and *Newman* v. *Willetts,* 52 id. 98, on page 475: "Therefore the *Shephard* and *Newman cases* are not authority for the position that a foreign will is valid and of effect, as against third persons without actual notice holding land adversely to it in this State, where no exemplified or properly certified copy of such will has been recorded in this State. Such, substantially, was the holding of this court in *Harrison* v. *Weatherby, supra,* and of the Supreme Court of the United States in *Lewis* v. *Barnhart, supra.* In *Lewis* v. *Barnhart, supra,* the same contention was made as is made here, namely, that a properly authenticated copy of a valid will was effective when introduced in evidence even though not recorded in this State; and in that case the Supreme Court of the United States held as follows: 'The contention of the plaintiffs is, that even if this will was not properly recorded in Illinois, it was nevertheless evidence as to the title to the lands. (*Shephard* v. *Carriel,* 19 Ill. 313; *Newman* v. *Willetts,* 52 id. 98; *Safford* v. *Stubbs,* 117 id. 389.) But this view does not meet

the question before us as to whether the record of the will in Woodford county, from and after it was made, was itself notice to those who purchased from Mrs. Lewis. A duly certified copy of the will may be competent evidence upon the issue as to paramount title, but it could not operate as constructive notice of its contents from the date of the insufficient record of it, made in 1866, in Woodford county.' "

In addition to the above authorities, *Lewis* v. *Barnhart,* 145 U. S. 79, (cited in *Bliss* v. *Seeley, supra,*) *McCormick* v. *Sullivant,* 10 Wheat. 192, *Slayton* v. *Singleton,* 72 Tex. 209, (cited in *Harrison* v. *Weatherby,*) and *VanSyckal* v. *Beam,* 110 Mo. 589, are all cases in strict harmony with the *Bliss* and *Harrison cases.*

Counsel attempt to distinguish the Texas and Missouri cases, above cited, because in each of those cases the will was admitted to probate in the foreign State long before the conveyance was made to the heirs of the testator. It is argued that when admitted to probate in a foreign State it became an instrument authorized to be recorded in the State where the land was located, and that it was the duty of those claiming under the will to have it so recorded. We do not understand, from reading the opinions in those cases, that they were based upon any such distinction. They seem clear and distinct to the effect that the foreign probate of a will is not valid and is not chargeable as notice upon purchasers of lands in another State affected thereby, until after such will and the record of its probate has been recorded in such other State.

Our attention is called to some authority in conflict with the cases above cited, but the cases in our own State, and the weight of authority outside of it, support the views we have expressed.

The fact that at the time Byrne purchased from the heirs of O'Brien appellant had a bill pending in the circuit court of Lawrence county, Missouri, to establish the will cannot affect the rights of the parties. Byrne, and those claiming

under him, had no knowledge of that suit as a matter of fact, and the doctrine of *lis pendens* does not apply. *Shelton v. Johnson*, 70 Am. Dec. 265; *Carr* v. *Lewis Coal Co.* 96 Mo. 149; 21 Am. & Eng. Ency. of Law, (2d ed.) 654.

We are of opinion the circuit court properly entered a decree dismissing the bill, and its decree is affirmed.

*Decree affirmed.*