In re Estate of Barbara Paus, Deceased.
Barbara Meyers et al., Appellants, v. Fanny Fraser,
Administratrix of Estate of Barbara Paus, Deceased, et al., Appellees.

Gen. No. 43,083.

Opinion filed October 23, 1944. Released for publication November 6, 1944.

Maurice T. Weinshenk and Harry W. Standidge, of Chicago, for appellants.

Tatge & Tatge, Campbell, Clithero & Fischer, and Robert F. Kolb, all of Chicago, for appellees.

Mr. Justice Matchett delivered the opinion of the court.

This appeal from the circuit court of Cook county is here by transfer from the Supreme Court. (*In re Estate of Paus,* 385 Ill. 550.) It was heard in the circuit court on appeal from the probate court. The matter began in that court through the filing of a petition by Barbara Meyers and Frank and William Haberzetle, praying that they might be declared to be heirs-at-law and next of kin of the deceased. Their petition was referred. The referee reported that they were strangers to the blood of Barbara Paus and recommended the petition be stricken. It was so ordered by the probate court on March 22, 1943.

The petitioners filed an amended petition April 7, 1943, but no hearing was held thereon in the probate court. An appeal from the probate court to the circuit court was perfected from the order of March 22 on April 9, 1943. The transcript filed in the circuit court included only the original petition and the orders and proceedings under it.

In the circuit court the administratrix moved to dismiss the appeal on the grounds petitioners were strangers to the blood of Barbara Paus and therefore had no interest in her estate. The motion was sustained and an order dismissing their petition entered June 11, 1943. The motion called attention to the amended petition filed in the probate court and also that an additional transcript filed in the circuit court disclosed this petition. On April 25, 1944, the circuit court, after hearing, denied the motion of petitioners to vacate the order of June 11 and also the

order of June 25. Petitioners appealed from both orders to the Supreme Court on the theory that constitutional questions were involved. The Supreme Court transferred the appeals to this court, delivering an opinion to the effect that no questions under either State or National constitutions were involved, as was argued in the briefs of petitioners. No further briefs were filed in this court. The parties were, however, heard at length on oral argument. The report of the referee of the probate court does not appear in the record.

Constitutional points have thus been eliminated. The sole question before this court is whether the circuit court erred in holding petitioners were not heirs-at-law of Barbara Paus and in dismissing their appeals because they were without interest in the subject matter of the litigation.

It is not questioned that petitioners in the circuit court were entitled to a trial *de novo* of the issues. *People v. Whealan,* 353 Ill. 500; *In re Estate of Turner,* 275 Ill. App. 366. However, the material facts are stated in the petitions and are not denied. There is, we think, merit to the contention of the estate that by appealing from the order entered on the first petition any right to a hearing on the second was waived. *McCoy v. Acme Automatic Printing Co.,* 278 Ill. 276; *Marks v. Pope,* 370 Ill. 597, 598.

The question of whether petitioners are heirs-at-law and next of kin of the deceased depends wholly on the construction of the Statute of Descents and Distributions. Ill. Rev. Stat. 1943, ch. 3, Art. II, § 11 [par. 162], pp. 44, 45 [Jones Ill. Stats. Ann. 110.258]; *Campbell v. McLain,* 318 Ill. 610; *Hardesty v. Mitchell,* 302 Ill. 369; *Russell v. Bulliner,* 370 Ill. 260. The statute controls. The ideas of either court or counsel as to who should take is not determinative. *Wall v. Pfanschmidt,* 265 Ill. 180, 193. Except in the case of husband or wife, or of adoption, as provided by stat-

ute, persons other than relatives of the blood are not heirs of the other spouse. 26 C. J. S. § 20, p. 1027, § 38, p. 1043.

The facts averred in the petition are stated in an argumentative way, which renders them somewhat obscure. We gather therefrom that the name of the deceased was Barbara Grotenhus; that her father died in her early childhood; that her mother was remarried to Ignatz Paus, whose surname the deceased assumed and was thereafter known as Barbara Paus; that of the marriage between Ignatz Paus and the mother of Barbara Paus a son, Charles Paus, was born; that the mother of Barbara died first, then secondly Ignatz Paus died, then thirdly Charles Paus, and fourthly Barbara Paus; that no property descended to Barbara Paus from her mother, but Barbara Paus received from her stepfather, Ignatz Paus, and from Charles Paus, who was her half-brother, some property.

Petitioners aver they are the children of a sister of Ignatz Paus, who was the stepfather of Barbara Grotenhus Paus, and that therefore they are heirs and next of kin of the deceased. They argue this from the statute which provides: "In no case is there any distinction between the kindred of the whole and the half blood."

We find nothing in the statute to justify the construction contended for. Five paragraphs of the statute designate persons who shall take by descent from a deceased person. The provision that distinction "in no case" shall be made between the whole and half blood does not create another class of persons who will take but forbids distinction between the whole and half blood in the case of the persons named who are to take. The rule of the feudal law excluded from the inheritance descendants who were of the half blood. The rule never found favor in this country. The statute therefore expressly repeals

that rule. This comes far short of creating another class of persons who are to take and who are not of the blood of the deceased at all. Petitioners' contention is without merit. They have no standing to make their claim. There is a fundamental distinction between persons who are of the half blood and those without inheritable blood at all.

The judgment of the circuit court will be affirmed.

*Affirmed.*

NIEMEYER, P. J., and O'CONNOR, J., concur.