(No. 31602.—

CHARLES J. ECKLAND, Appellant, *vs.* THEODORE J. JAN-KOWSKI *et al.,* Appellees.

*Opinion filed November 27, 1950.*

264

GEORGE R. LANGE, of Chicago, (MARTIN E. PERRINE, of counsel,) for appellant.

CHARLES F. GRIMES, and EDWARD R. CULLEN, both of Chicago, for appellees.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

Appellant, Charles J. Eckland, claims to be the owner of an undivided one-half interest, as devisee of Thorwald Hegstad, deceased, in the premises occupied by appellees under a deed from the heirs-at-law of the decedent. An amended complaint for partition of the premises was filed

in the circuit court of Cook County. A hearing on the merits resulted in a decree dismissing the amended complaint for want of equity. A direct appeal has been perfected to this court, a freehold being involved.

Thorwald Hegstad died January 23, 1945. At that time he was the owner of the premises described in the amended complaint for partition. Soon after his death proceedings for the administration of his estate were commenced, the estate was duly administered and the administrator finally discharged on August 14, 1946. Thereafter, on November 30, 1946, the heirs-at-law of Thorwald Hegstad, in consideration of the sum of $12,000, conveyed the real estate in question to Louis Berland and Gudrun Berland. These persons, on February 8, 1947, conveyed the premises to the appellees for the sum of $13,000. Approximately six months after appellees acquired title to the premises, through the heirs of Thorwald Hegstad, appellant found a receipt showing the existence and whereabouts of a will of Thorwald Hegstad. On December 10, 1947, almost three years after the death of Thorwald Hegstad, and slightly more than a year after the heirs had conveyed the premises, the will was admitted to probate in the probate court of Cook County. Under the provisions of the will, appellant was devised a one-half interest in the premises while the other one-half interest was devised to Garman Hegstad, one of the heirs of Thorwald Hegstad, who had previously joined in the conveyance to appellees' predecessors in title.

It is the contention of appellant that when the will was admitted to probate he became vested with the title to the premises in question; that his title relates back to the moment of the death of the testator; and that the conveyance of the premises by the heirs-at-law of the testator was absolutely void and conveyed no title to appellees' predecessors in title. Appellees contend that they are innocent purchasers for value without any notice or knowledge

of the existence of the will; that the will was not effective to pass any title to appellant until it had been admitted to probate; and that the probate of the will was ineffectual to relate back to the date of death of the testator and divest title previously acquired by an innocent purchaser for value from the lawful heirs of the testator.

At the time appellees acquired their conveyance of the premises in question, Thorwald Hegstad had been deceased for more than two years. His estate had been administered upon as intestate property, and he was shown to be the last owner of the record title to the premises. The probate court found that he died intestate and declared his heirship. It was not until after the administration proceedings had been concluded that the premises were conveyed by the heirs-at-law. The controversy is one of law, namely, whether under the facts as above set out in substance, the appellant, as devisee in the will, is the owner of a one-half interest in the property in question, or whether appellees, claiming title by purchase through the heirs of Thorwald Hegstad before they had any knowledge of the existence of said will, are the owners.

Section 53 of the Probate Act (Ill. Rev. Stat. 1949, chap. 3, par. 205,) provides that every will when admitted to probate as provided by the act is effective to transfer the real estate of the testator devised therein. A devisee, however, cannot assert his title to land devised to him unless the will is probated and made a matter of record in accordance with the applicable statutes of our State. (*Barnett* v. *Barnett,* 284 Ill. 580; *Stull* v. *Veatch,* 236 Ill. 207.) The will of Thorwald Hegstad, therefore, could not become effective to vest title in appellant until it had been probated in the probate court of Cook County and made a matter of record in that county.

Section 33 of the act concerning conveyances (Ill. Rev. Stat. 1949, chap. 30, par. 32,) provides as follows: "All original wills duly proved, or copies thereof duly certified,

according to law, and exemplifications of the record of foreign wills made in pursuance of the law of congress in relation to records in foreign states, may be recorded in the same office where deeds and other instruments concerning real estate may be required to be recorded; and the same shall be notice from the date of filing the same for record as in other cases, and certified copies of the record thereof shall be evidence to the same extent as the certified copies of the record of deeds." The only effect of recording a duly authenticated copy of a will in the office of the recorder of deeds, as provided in this act, is to give constructive notice to all persons of the contents of the will. (*Plenderleith* v. *Edwards,* 328 Ill. 431.) The section, however, does not apply to a domestic will for the reason that the probate of a domestic will of itself constitutes constructive notice of the effect of the will on real estate affected by it, in the county where it is probated.

A purchaser of land is charged with constructive notice not only of whatever is shown in the records of the office of the recorder of deeds, but in addition, with matters affecting the title of the land which appear in the records in the circuit, probate, and county courts in the county where the land is situated. (*Clark* v. *Leavitt,* 335 Ill. 184.) It is the duty of a purchaser of land to examine the record and he is chargeable with notice of whatever is shown by the record. (*Blake* v. *Blake,* 260 Ill. 70.) In considering the cases of *Bliss* v. *Seeley,* 191 Ill. 461, and *Harrison* v. *Weatherby,* 180 Ill. 418, we held, in *Catholic University* v. *Boyd,* 227 Ill. 281, that the purpose of requiring foreign wills to be recorded in this State was to give notice, and that filing a copy without proper authentication could not be considered notice, and in the absence of notice of a will in a foreign State, either actual or constructive, a conveyance by the heirs of the testator, of land in this State was good as against the devisees subsequently filing a copy of the will for record. A like result was reached in the case

of *Cassem* v. *Prindle,* 258 Ill. 11, strongly relied upon by appellees, in which we sustained a decree protecting the title of a *bona fide* purchaser for value against the claim of a devisee under a domestic will probated subsequent to his conveyance.

The right to take property, either real or personal, is purely a statutory right which rests wholly within legislative enactment, and the State, by appropriate legislation, may regulate and control its devolution. (*Jahnke* v. *Selle,* 368 Ill. 268.) Under the Statute of Descent of this State, the heir-at-law of a person who dies intestate acquires an absolute interest in the intestate's realty, although he cannot convey it to the prejudice of the rights of creditors of the decedent. Ill. Rev. Stat. 1949, chap. 3, par. 162; *Neuffer* v. *Hagelin,* 369 Ill. 344.

The object of the heirship proceedings in the probate court was to find upon whom the laws of this State had cast the estate of the intestate decedent. (*George* v. *Moorhead,* 399 Ill. 497.) At the time appellees obtained a conveyance to the premises, there was nothing upon record which would give them actual or constructive notice of the existence of the will, or that anyone other than those persons designated by the Statute of Descent had any interest in the premises. An examination of the record in the recorder's office would then have disclosed that Thorwald Hegstad was the owner of the record title at the time of his death and would show no transfers from him. Appellees were bound to know the law with reference to the descent of property. The records of the probate court at that time disclosed that Thorwald Hegstad had died intestate, and a finding of his heirship was included in the administration proceedings. The claims against the estate of the decedent were paid and the administrator discharged.

Under the Statute of Descent the heirs-at-law of Thorwald Hegstad had succeeded to the ownership of his real estate. The will of Thorwald Hegstad was not discovered

until several months after the real estate had been conveyed by his heirs. There was no notice, either actual or constructive, as to the existence or contents of the will. Appellees had the right to rely on the devolution of title shown by the record. Under the facts and circumstances appearing of record, we conclude that the conveyance to appellees, who are admitted to be *bona fide* innocent purchasers for value, should prevail as against appellant, a devisee in the will subsequently discovered and admitted to probate.

The decree of the circuit court of Cook County is accordingly affirmed.

*Decree affirmed.*