In re Jerald A. **RICHARDSON**, Debtor.

**Bankruptcy No. 86–81659.**

United States Bankruptcy Court,
C.D. Illinois.

July 2, 1987.

**602**

Charles E. Covey, Peoria, Ill., for debtor.

William H. Christison, Peoria, Ill., trustee.

Gary T. Rafool, Peoria, Ill., for Rosa Louise Williams.

## OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

This matter is before the Court on the motion of ROSA LOUISE WILLIAMS, the former spouse of JERALD A. RICHARDSON, the debtor, to establish a constructive trust and on her objection to the debtor's claim of exemptions.

The thirty-two year marriage of JERALD A. RICHARDSON and ROSA LOUISE WILLIAMS, formerly ROSA LOUISE RICHARDSON, was dissolved on July 3, 1984. The property settlement and maintenance order, which was entered by the trial court on December 4, 1984, provided that the parties' farm and home, which was held solely in the debtor's name, should be listed for sale and provided for the disposition of the proceeds as follows:

"Upon the sale of the farm land, the following sums shall be first deducted from the sale proceeds, in the following order:

(a) The actual amount of any direct costs to close the sale of the property, including realtor's commissions, abstracting and survey expenses, title work costs, and any attorney's fees directly required to clear the title to the property.

(b) The amount of payments made on the mortgage by the Husband from and after October 31, 1984, unless the farm ground shall be sold separate from and before the sale of the house, garage and barn, in which case the mortgage payments shall not be deducted from the sale proceeds until the part of the farm with the house, garage and barn shall have been sold.

The balance of the sale proceeds, if any, shall be divided equally between the parties, except that there shall be first deducted and paid from the one-half share allocated to the Husband the sum of $65,798.50, representing the interest

of the Wife in the pension and disability benefits and awards of the Husband as provided in Section *III* hereof. If the farm land and house, garage and barn are sold in separate parcels, no money shall be paid to the Husband from the one-half share which would normally have gone to him until the full amount of $65,798.50 is deducted from his one-half share and paid to the Wife as provided for herein. In the event that the share to the Husband from the sale of the farm ground and house, garage and barn is insufficient to pay to the Wife the sum of $65,798.50, then the Husband shall, promptly upon being advised of the exact amount of the deficiency, pay, in cash, to the Wife the difference between the amount of the one-half share in the farm land, house, garage and building which would have been payable to him and the amount of $65,798.50 representing the interest of the Wife in the Husband's pension and disability plans and payments."

The section of the order governing the allocation of the pension and disability payment provided:

"The Husband shall pay to the Wife the sum of $65,798.50, representing her interest in his pension plan at Caterpillar Tractor Company and his disability payment from the Veterans Administration. The payments shall be made as provided in [the above section.]"

Other provisions of the order which fixed the amount of maintenance and child support and divided the remainder of the property were fully complied with by the debtor.

On June 25, 1986, Jerald filed a petition under Chapter 7 of the Bankruptcy Code. In his schedules he listed an unsecured debt to his former spouse in the amount of $91,000.00 and other unsecured debts totalling $2,699.91. Also contained in the schedules is a notation that the debtor did not consider his pension plan to be property of the bankruptcy estate.

ROSA filed a motion to establish a constructive trust on the net proceeds from the sale of real estate.[1] The Trustee responded to the motion, claiming that ROSA's failure to record the trial court's order with the Peoria County Recorder of Deeds renders her interest voidable by the Trustee under Section 544(a)(3). ROSA also filed an objection to the debtor's claim of exemptions, contending that the pension fund constitutes property of the estate which the debtor may not claim as exempt. A hearing was held on October 9, 1986, and briefs were submitted by the parties.

ROSA argues that she is entitled to a constructive trust on the proceeds from the sale of the real estate. She contends that, pursuant to the terms of the property settlement order, she acquired an equitable interest in the real estate which remains unaffected by the debtor's bankruptcy.

■ Under Section 541(a) of the Bankruptcy Code, the bankruptcy estate includes "all legal or equitable interests of the debtor in property, as of the commencement of the case." 11 U.S.C. Section 541(a). Even under this expansive definition of property of the bankruptcy estate, the Trustee does not succeed to any greater interest than that held by the debtor. *In re Welch,* 31 B.R. 537 (Bkrtcy.D.Kan. 1983). Where the debtor only holds legal title to the property and not an equitable interest, the property only becomes part of the estate to the extent of the legal title and the equitable interest not held by the debtor does not become part of the estate. 11 U.S.C. Section 541(d). *In re Alithochrome Corp.,* 53 B.R. 906 (Bkrtcy.S.D.N.Y.1985).

■ It is this Court's opinion that, under the terms of the property settlement order the trial court awarded ROSA an equitable interest in the real estate.[2] The court or-

1. The Trustee petitioned to sell the real estate on September 24, 1986. ROSA objected to the sale of the real estate to the proposed purchaser, Edwin E. Heubie, claiming that another party was willing to pay a higher price. That party, however, failed to tender an offer to the Trustee and the property was sold, with ROSA's consent, to Heubie for $80,000.00.

2. Section 503(d) of the Illinois Marriage and Dissolution of Marriage Act (Ill.Rev.Stat.1985, ch. 40, par. 503(d)) directs the court to divide

dered a sale of the farm, which was clearly marital property, and directed that the proceeds be divided equally, with the additional provision that ROSA be paid a sum representing her interest in the pension fund and disability payments from the debtor's share prior to the debtor receiving any payment. It is only the remaining interest—one-half of the net proceeds less $65,798.50, which passed to the Trustee in Bankruptcy, along with the legal title to the real estate.

While conceding that, vis-a-vis the debtor, and perhaps the rest of the world, ROSA may well be the equitable owner of the real estate, it is the Trustee's position that, in his status as a bona fide purchaser pursuant to Section 544(a)(3), he may avoid ROSA's interest in the real estate because she failed to record a copy of the judgment pursuant to state law.[3]

■ Section 544(a)(3) of the Bankruptcy Code, referred to as the "strong arm" clause, gives the trustee the rights of and the power to avoid any transfer avoidable by a hypothetical bona fide purchaser of real property of the debtor as of the date the case is commenced. Under this section, a trustee may avoid unrecorded or undisclosed interests whenever, under state law, a bona fide purchaser would prevail over the interest holder.

Section 12–101 of the Illinois Code of Civil Procedure, upon which the Trustee relies here, provides, in pertinent part:

"As to real estate [not registered under the Torrens Act], a judgment is a lien on the real estate of the person against whom it is entered in any county in this State, including the county in which it is entered, only from the time a transcript, certified copy or memorandum of the judgment is filed in the office of the recorder in the county in which the real estate is located."

The purpose of this statute is to enable a judgment creditor to reach the property of the judgment debtor by forcing a sale of the debtor's real or personal property to the extent necessary to satisfy the debt. *Haugers v. Holmes*, 314 Ill.App. 166, 41 N.E.2d 109 (1942).

■ This Court is of the view that it was not necessary for ROSA to register the divorce court judgment in order to protect her interest. ROSA did not have a money judgment against the debtor which she needed to record in order to subject the real estate to the satisfaction of her judgment. Nor was the effect of the property settlement order to give her a mere lien on the property. Rather, the judgment of the divorce court awarded her an ownership interest in the real estate itself, which, pursuant to Section 541(d), did not become part of the bankruptcy estate. In *Matter of Quality Holstein Leasing*, 752 F.2d 1009, 1013 (5th Cir.1985), the court discussed the interaction between Section 544(a) and Section 541(d) of the Bankruptcy Code:

"As a general rule, it must be held that section 541(d) prevails over the trustee's strong-arm powers. Although those powers allow a trustee to assert rights that the debtor could not claim to property, Congress did not mean to authorize a bankruptcy estate to benefit from property that the debtor did not own."

---

the marital property, taking into account certain specified factors. Section 503(c)(2) empowers the court to reimburse a spouse for his or her contribution by imposing a lien on non-marital property. Ill.Rev.Stat.1985, ch. 40, par. 503(c)(2).

3. The Trustee erroneously cites Section 85 of the Illinois Conveyances Act, Ill.Rev.Stat.1985, ch. 30, par. 122, which provides:

"No judgment or order of any court shall be a lien upon or affect registered land or any estate or interest therein, until a transcript or certified copy of the judgment or order, or a memorandum or copy of the judgment or order showing the date, amount name of the party in whose favor and name of the party against whom rendered or made, signed by a judge of the court rendering or making it, is filed in the office of the registrar and a memorial of the same is entered upon the register of the last certificate of title to be affected."

That provision only applies to lands held in Torrens. As hereinafter noted by the Court, the applicable provision is Section 12–101 of the Illinois Code of Civil Procedure. Ill.Rev.Stat. 1985, ch. 110, para. 12–101.

There is yet another reason why the Trustee's position must fail. A bona fide purchaser is one who acquires an interest in property for value without any notice of another's claim or right to, or interest in, the property. *In re Ehrlich,* 59 B.R. 646 (Bkrtcy.N.D.Ill.1986). In Illinois, a purchaser of land is charged with constructive notice of whatever is shown in the records of the office of the Recorder of Deeds as well as with matters affecting the title of the land which appear in the probate, circuit and county court records for the county in which the land is situated.[4] *Eckland v. Jankowski,* 407 Ill. 263, 95 N.E.2d 342 (1950); *Ehrlich, supra.* Where, under state law, a purchaser is charged with constructive notice of another's adverse interest, a Trustee may not rely on his status as a bona fide purchaser to avoid that interest. *In re Ryan,* 70 B.R. 509, 15 B.C.D. 910 (Bkrtcy.D.Mass.1987); *In re Investment Sales Diversified, Inc.,* 49 B.R. 837 (Bkrtcy.D.Minn.1985). Here, the Trustee is charged with constructive notice of ROSA's interest by reason of the dissolution decree filed in the records of the office of the Peoria County Circuit Clerk, and is not a bona fide purchaser.

In sum, this Court concludes that ROSA's interest in the real estate never became a part of the bankruptcy estate and that the Trustee held the real estate for her benefit. Having sold the real estate, the Trustee is directed to pay over the net proceeds from the sale to her.

ROSA also objects to the debtor's claim of exemptions, contending that the debtor's pension plan through his present employer, Caterpillar Inc., is part of the bankruptcy estate which is not exempt under Section 12–1001(g)(5) of the Illinois Code of Civil Procedure. (Ill.Rev.Stat. 1985, ch. 110, par. 12–1001(g)(5)). She further contends that the pension plan is subject to a constructive trust.[5] At the time

the debtor filed his bankruptcy petition, his interest in the pension plan was vested and the debtor could begin drawing the funds upon his retirement. The debtor is 55 years old and may possibly continue to work at Caterpillar Inc., until he reaches age 70. The debtor contends that the pension fund constitutes a valid spendthrift trust under Illinois law and is not property of the bankruptcy estate.

Judge Lessen, also sitting in the Bankruptcy Court in the Central District of Illinois, in *In re Dagnall,* No. 86–71507, May 14, 1987, sided with those courts which have held that pension plans are not part of the bankruptcy estate only if they qualify under applicable state law as true spendthrifts trusts. Summarizing the nature of a spendthrift trust, Judge Lessen stated:

> "In general, a spendthrift trust is a trust created with the view of providing funds for the maintenance of another, and at the same time securing the beneficiary against his own improvidence or incapacity for self-protection. The beneficiary's interest is neither transferable by the beneficiary nor leviable by creditors. Thus, in order to establish the [pension plan] as a spendthrift trust under Illinois law, the Debtor must show that she cannot alienate her interest in the trust res, and that she does not possess exclusive and effective control over termination or distribution. *In re Sundeen, supra,* 62 B.R. [619] at 620; *Matter of Rolfe,* 34 B.R. 159, 161 (Bankr.N.D.Ill.1983)."

This Court finds that the Caterpillar Inc. pension plan would qualify under Illinois law as a spendthrift trust. The debtor has no present right to any benefit under the plan until he retires or is otherwise terminated by his employer. At that time he will receive only a monthly benefit as there is no option under the plan for electing a lump-sum payment. The debtor has made

---

4. Although this Court was unable to find any cases discussing the impact of Section 12–101 of the Illinois Code of Civil Procedure, which requires the recording of judgments, upon the purchaser's duty to check court records, this Court is of the opinion that the rule stated in *Eckland* remains unaffected.

5. Because this Court finds that the pension plan is not property of the estate, this Court does not reach ROSA's argument that the pension plan is likewise subject to a constructive trust. That issue may be pursued in an appropriate forum.

no contributions to the pension plan and exercises no dominion or control over the corpus of the fund. Based upon those facts, the debtor's pension plan is excluded under Section 541(c)(2) from property of the estate.

See written Order.

## ORDER

For the reasons set forth in an Opinion entered on the 2nd day of July, 1987;

IT IS, THEREFORE, ORDERED that the motion of ROSA LOUISE WILLIAMS to establish a constructive trust is GRANTED as to the net proceeds of the sale of real estate.

IT IS FURTHER ORDERED that the motion of ROSA LOUISE WILLIAMS to establish a constructive trust is DENIED as to the debtor's pension plan through Caterpillar Inc.

IT IS FURTHER ORDERED that the objection of ROSA LOUISE WILLIAMS to the debtor's claim of exemptions is DENIED.