*In re* ESTATE OF ESTHER O'HANDLEN, Deceased (Deeann Bradford Krieg, *et al.*, Appellants, v. Metta O'Handlen Richert, Appellee).

Third District    No. 3—90—0558

Opinion filed April 19, 1991.

William E. Holdridge and Spencer Lee Daniels, both of Peoria, for appellants.

James M. Tomlin, of Peoria, for appellee.

JUSTICE SLATER delivered the opinion of the court:

Craton O'Handlen was married twice, to Matte Karr and to Lena Brewer. Offspring were produced from both unions. Esther O'Handlen, a grandchild of Craton and Lena, died intestate and it is the distribution of her estate which is in question. The descendants of Craton and Matte, who are related by half blood to the decedent, object to the distribution of the intestate estate. They contend that the trial court erred by creating two moieties for distribution of the estate, one for descendants of the Craton/Matte union and one for the descendants of the the Craton/Lena union. We affirm.

The record shows that Esther O'Handlen died intestate in 1988. She left no surviving spouse, descendant, parent, brother, sister, or descendant of a brother or sister. Her only living relatives were the descendants of her paternal and maternal grandparents. The parties

to this case are the only heirs of the paternal grandparents and at issue is the distribution of the paternal half of the estate. The relationship between the parties to this appeal is as follows:

Matte Karr*          (First Marriage)          Craton O'Handlen*

Otto O'Handlen*                                Nina Bradford*

Crayton O'Handlen*  Corinne O'Handlen Frazier          John Bradford*

Corinne O'Handlen Soderberg   Thomas O'Handlen   Deeann Bradford Kreig

Craton O'Handlen*          (Second Marriage)          Lena Brewer*

John O'Handlen*    Metta O'Handlen Richert

Esther O'Handlen (Decedent)

*Predeceased the Decedent

The decedent's property was to be distributed under the Probate Act of 1975 (Ill. Rev. Stat. 1989, ch. 110½, par. 1—1 *et seq.*), which states as follows:

> "If there is no surviving spouse, descendant, parent, brother, sister or descendant of a brother or sister of the decedent but a grandparent or descendant of a grandparent of the decedent: *** ½ of the entire estate [goes] to the decedent's paternal grandparents in equal parts or to the survivor of them, or if there is none surviving, to their descendants per stirpes. ***
>
> * * *
>
> In no case is there any distinction between the kindred of the

whole and the half blood." Ill. Rev. Stat. 1989, ch. 110½, pars. 2—1(e), (h).

In the trial court, Metta moved for distribution of the property passing to the heirs of the paternal grandparents. She contended that the property should be divided into two moieties. One moiety was to pass completely to her through the paternal grandmother, and the second was to pass through the paternal grandfather to then be divided among herself and the other heirs *per stirpes*. She concluded that the heirs should receive the following fractions of the total estate: ⅓ to Metta; 1/12 to Deeann Kreig; 1/24 to Corinne Frazier; 1/48 to Corinne Soderberg; and 1/48 to Thomas O'Handlen.

The appellants objected, contending that the proposed distribution improperly drew a distinction between kindred of the whole blood and kindred of the half blood. They also argued that the statute only required that the property be divided into two moieties if both paternal grandparents had survived the intestate. In the appellants' view, all of the children of the paternal grandfather were entitled to equal shares. They therefore concluded that the heirs should receive the following fractions of the total estate: 1/6 to Metta; 1/6 to Deeann Kreig; 1/12 to Corinne Frazier; 1/24 to Corinne Soderberg; and 1/24 to Thomas O'Handlen.

The trial judge granted Metta's motion and divided the estate as she suggested. On appeal, the appellants argue that the court erred.

■■■ We agree with the trial court's decision. In Illinois, the right to inherit property is controlled by statute. (*Eckland v. Jankowski* (1950), 407 Ill. 263, 95 N.E.2d 342.) Here, the statute provides that if the paternal grandparents do not survive the decedent, the property should pass *per stirpes* to their descendants. Since Metta was related to both paternal grandparents, she should inherit through each of them. Such a distribution does not violate the prohibition against favoring kindred of the whole blood over those of the half blood. That prohibition was not meant to create a new class of heirs, but only to prohibit discrimination within a class. (*In re Estate of Paus* (1944), 324 Ill. App. 58, 57 N.E.2d 212.) Since the appellants belong only to the class of those inheriting through the grandfather and they have received the proper share for those in that class, their rights have not been violated.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and GORMAN, JJ., concur.