**In re Rex L. GLASS, Debtor.**

**Bankruptcy No. 92–11351 RJB.**

United States Bankruptcy Court, D. Colorado.

April 3, 1992.

Andrea Berger, Denver, Colo., trustee, for the Bankruptcy Estate of Rex L. Glass.

Craig A. Weinberg, Boulder, Colo., for Marcy Glass.

### MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon a MOTION TO COMPEL TRUSTEE TO ABANDON CERTAIN PROPERTY filed March 2, 1992, by Marcy Glass ("Marcy").

Marcy has requested the abandonment of the following property:

1. Residence at 8391 Circle Drive, Westminster, Colorado
2. Condominium at 8290 North Federal Boulevard, $ 83, Westminster, Colorado
3. 1986 Mercury Topaz
4. 1972 Ford Bronco

At the hearing on April 2, 1992, the Trustee stipulated to the abandonment of the residence and the Mercury Topaz, as being of no value to the estate. The Trustee has

---

objected to the abandonment of the condominium and the Bronco.

The Debtor and Marcy were divorced in 1991. A decree of dissolution was entered August 20, 1991, *nunc pro tunc* to February 21, 1991, which vested in Marcy "all rights, title, and interest of the parties" to the condominium and the Bronco. The dissolution decree also ordered the Debtor to transfer title to Marcy. The Debtor never transferred these titles and subsequently filed his bankruptcy petition in February 1992. It is the Trustee's position that the condominium and the Bronco are property of the estate despite the domestic court's order. At the time of filing his petition, the county records and Department of Motor Vehicle records showed that the Debtor and Marcy owned the condominium and the Bronco as joint tenants. Marcy did not file a lis pendens based on the dissolution decree. Marcy argues that the Debtor has only the bare legal title to these properties, but that the *ownership* interest is vested in her.

■ The strong arm powers of 11 U.S.C. § 544(a), allow the Trustee to assert rights over property that the Debtor himself may not be able to assert. However, that section is limited by § 541(d). The Trustee cannot succeed to any greater interest than the Debtor owned on the petition date.[1] Marcy cites the case of *In re Richardson*, 75 B.R. 601 (Bkrtcy.C.D.Ill. 1987), which this Court finds persuasive. *Richardson* also concerned a dissolution of marriage decree. That court stated that:

> Where the debtor only holds legal title to the property and not an equitable interest, the property only becomes part of the estate to the extent of the legal title, and the equitable interest not held by the debtor does not become part of the estate.

> \*   \*   \*   \*   \*   \*

As a general rule, it must be held that section 541(d) prevails over the trustee's strong-arm powers. Although those powers allow a trustee to assert rights that the debtor could not claim to property, Congress did not mean to authorize a bankruptcy estate to benefit from property that the debtor did not own.

This Court finds that the Debtor owned no equitable interest in the condominium and the Bronco, and hence, that equitable interest did not become property of the estate. To find otherwise would enable Debtor's creditors to profit from the Debtor's failure to obey the domestic court's order, to the detriment of the person for whose benefit the domestic court order was entered.

■ ORDERED that the Trustee abandon the following property:

1. Residence at 8391 Circle Drive, Westminster, Colorado

2. Condominium at 8290 North Federal Boulevard, $ 83, Westminster, Colorado

3. 1986 Mercury Topaz

4. 1972 Ford Bronco

---

1. § 541(d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.