# Illinois Official Reports

## Appellate Court

---

### *Hachem v. Chicago Title Insurance Co.*, 2015 IL App (1st) 143188

---

| | |
|---|---|
| Appellate Court Caption | SANAA HACHEM and CHICAGO TITLE LAND TRUST COMPANY, a Corporation of Illinois, as Trustee Under the Provisions of Land Trust Agreement Dated 8/9/2012, Known as Trust Number 8002360019, Plaintiffs-Appellants, v. CHICAGO TITLE INSURANCE COMPANY; CHRISTOPHER WEINUM; STEVEN WOLFE; and CHERYL WOLFE, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-14-3188 |
| Filed | December 14, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-L-6961; the Hon. Margaret Brennan, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Law Office of Thomas Herz, Jr., of Chicago (Thomas G.A. Herz, Jr., of counsel), for appellants.<br><br>Cohen Rosenson & Zuckerman LLC, of Chicago (Arthur E. Rosenson, of counsel), for appellees Steven Wolfe and Cheryl Wolfe.<br><br>Arnstein & Lehr LLP, of Chicago (William T. Eveland, David A. Golin, and Hal R. Morris, of counsel), for other appellees. |

JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Liu and Justice Connors concurred in the judgment and opinion.

**OPINION**

¶ 1        On May 21, 2012, plaintiff Hachem entered into a real estate contract for the purchase of a residence located at 10353 S. Seeley Avenue in Chicago. After completing the purchase, plaintiff Hachem searched the Cook County recorder of deeds and discovered that the property was part of the Longwood Drive historical district. The ordinance designating the property as a landmark was recorded in January 1982. Subsequently, plaintiffs made a claim with defendant Chicago Title Insurance Company on the belief that the ordinance represented an encumbrance on the title. Chicago Title denied the claim, and plaintiffs brought suit against Chicago Title, the agent who issued the policy, and the sellers of the house. Both sets of defendants filed motions to dismiss pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2012)), which, after briefing, the circuit court granted. Plaintiffs brought motions to reconsider the dismissal of all defendants and additionally sought leave to file an amended complaint. The circuit court denied those motions. Plaintiffs timely appealed.

¶ 2        Before this court plaintiffs raise the following issues: (1) whether the circuit court erred in denying plaintiffs' oral motion to amend their complaint as it pertained to the Chicago Title defendants; (2) whether the circuit court erred in granting the Wolfe defendants' motion to dismiss with prejudice; (3) whether the circuit court erred when it denied plaintiffs' oral motion to amend their complaint as it pertained to the Wolfe defendants; and (4) whether the circuit court erred in denying plaintiffs' motion to reconsider and motion to amend pleading. For the reasons stated below, we affirm the circuit court's rulings in all respects.

¶ 3                                        JURISDICTION
¶ 4        The circuit court dismissed defendants Chicago Title Insurance Company and Christopher Weinum on December 12, 2013. The circuit court dismissed defendants Steven and Cheryl Wolfe on May 7, 2014. Plaintiffs filed a motion to reconsider both dismissals on June 6, 2014. At the same time Plaintiffs also filed a motion to amend complaint against all defendants. The circuit court denied the motion to reconsider and amend as to Chicago Title and Weinum on June 23, 2014. The circuit court denied the motion to reconsider and amend as to Steven and Cheryl Wolfe on September 17, 2014. Plaintiffs timely filed a notice of appeal on October 16, 2014. Accordingly, this court has jurisdiction over this appeal pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. May 30, 2008).

¶ 5                                        BACKGROUND
¶ 6        On June 13, 2013, plaintiffs-appellants, Sanaa Hachem and Chicago Title Land Trust Company (hereinafter plaintiffs), as trustee under the provisions of a land trust agreement dated August 9, 2012, known as trust number 8002360019, filed their complaint against defendants-appellees, Chicago Title Insurance Company, Christopher Weinum, Steven

Wolfe and Cheryl Wolfe stemming from the sale of property located 10353 S. Seeley Avenue, Chicago. Count I of the complaint was directed at defendants Chicago Title Insurance Company and Weinum (hereinafter Chicago Title defendants) and alleged breach of owners policy of title insurance, while count II was directed at Steven and Cheryl Wolfe (hereinafter Wolfe defendants) and was not captioned. Attached to the complaint were the insurance policy issued by the Chicago Title defendants, the sale agreement between plaintiffs and the Wolfe defendants, and a copy of the landmark ordinance that was recorded with the title in January 1982.

¶ 7 Prior to the filing of the lawsuit, appellant entered into a contract for the purchase of property located at 10353 S. Seeley Avenue, Chicago. As part of the sale, the Wolfe defendants agreed to provide commitment for title insurance. Pursuant to this agreement, the Wolfe defendants purchased title insurance from the Chicago Title defendants. On August 20, 2012, the Wolfe defendants conveyed 10353 S. Seeley Avenue to the plaintiffs. Sometime after the transfer of the property, plaintiffs searched the Cook County recorder of deeds and discovered that the property was located within the Longwood Drive district and subject to Chicago's ordinance concerning landmark properties. The ordinance had been recorded with the title on January 20, 1982.

¶ 8 Thereafter, plaintiff Hachem filed a claim with Chicago Title based on the policy obtained by the Wolfe defendants. Plaintiff Hachem alleged that the landmark designation represented an encumbrance on the title. Chicago Title denied coverage. It stated that plaintiff Hachem was not an insured as defined by the policy nor was the matter presented covered by the policy. After the denial of coverage, plaintiffs brought this lawsuit.

¶ 9 On August 9, 2013, Chicago Title defendants moved to dismiss count I pursuant to section 2-615 (735 ILCS 5/2-615 (West 2012)). After briefing, on December 12, 2013, the circuit court dismissed count I against the Chicago Title defendants with prejudice. The court found that based on the policy language of the insurance agreement, plaintiffs' claim was excluded from coverage. At the same hearing, plaintiffs made an oral motion to amend their complaint, but it was denied.

¶ 10 On January 13, 2014, appellants filed a motion to amend their complaint. However, the motion lacked a proposed amended complaint and was never noticed up before the circuit court.

¶ 11 On February 13, 2014, the Wolfe defendants moved to dismiss count II pursuant to section 2-615. *Id.* After briefing, on May 7, 2014, the court granted the Wolfe defendants' motion to dismiss with prejudice. Again, plaintiffs made an oral motion to amend their complaint but it was denied.

¶ 12 On June 6, 2014, plaintiffs filed a motion captioned "Plaintiff's Combined 5/2-1203 Motion for Reconsideration and 5/2-616 Motion to Amend Complaint" (see 735 ILCS 5/2-1203, 2-616 (West 2012)). Plaintiffs' motion was heard on June 23, 2014. The Wolfe defendants requested and were granted an opportunity to file a written response. The Chicago Title defendants asked that the court deny the motion without them filing a response. The circuit court admonished plaintiffs for failing to provide courtesy copies of the motion to the court. The court then denied the plaintiffs' motion as it related to the Chicago Title defendants. On September 17, 2014, after briefing, the court denied plaintiffs' motion as it related to the Wolfe defendants.

¶ 13    Plaintiffs timely filed a notice of appeal on October 16, 2014, which was later corrected via an amended notice.

¶ 14                                    ANALYSIS

¶ 15    Plaintiffs raise the following issues on appeal: (1) whether the circuit court erred in denying plaintiffs' oral motion to amend their complaint as it pertained to the Chicago Title defendants; (2) whether the circuit court erred in granting the Wolfe defendants' motion to dismiss with prejudice; (3) whether the circuit court erred when it denied plaintiffs' oral motion to amend their complaint as it pertained to the Wolfe defendants; and (4) whether the circuit court erred in denying plaintiffs' motion to reconsider and motion to amend pleading.[1] For the following reasons we affirm the rulings of the circuit court.

¶ 16    First, plaintiffs challenge the circuit court's order denying their oral motion to amend their complaint against the Chicago Title defendants. "Whether to allow an amendment of a complaint is a matter within the sound discretion of the trial court, and, absent an abuse of that discretion, the court's determination will not be overturned on review." *Village of Wadsworth v. Kerton*, 311 Ill. App. 3d 829, 842 (2000). "An abuse of discretion will be found only where no reasonable person would take the view adopted by the trial court." *Keefe-Shea Joint Venture v. City of Evanston*, 364 Ill. App. 3d 48, 61 (2005).

¶ 17    Section 2-616(a) of the Code (735 ILCS 5/2-616(a) (West 2014)) provides that at any time before final judgment, the court may permit amendments on just and reasonable terms to enable the plaintiff to sustain the claim brought in the suit. Given the broad discretion a trial court exercises in ruling on motions to amend pleadings prior to final judgment, a court should not find that the denial of a motion to amend is prejudicial unless there has been a manifest abuse of discretion. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273-74 (1992). In considering whether a circuit court abused its discretion in ruling on a motion for leave to file an amended complaint, the reviewing court considers the following factors: "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." *Id.* at 273.

¶ 18    The above factors apply to amendments proposed prior to final judgments. After final judgment, pleadings may be amended to conform the pleadings to the proof. See 735 ILCS 5/2-616(c) (West 2014). Where a complaint is dismissed with prejudice and does not include a statement allowing the plaintiff leave to amend, an involuntary dismissal order is final. *Compton v. Country Mutual Insurance Co.*, 382 Ill. App. 3d 323, 332 (2008); see also *Folkers v. Drott Manufacturing Co.*, 152 Ill. App. 3d 58, 67 (1987) (noting that it is well settled that the dismissal of a cause of action constitutes a final judgment).

¶ 19    The circuit court dismissed the complaint against the Chicago Title defendants in December 2013. That dismissal was with prejudice. The transcript from that day reveals that it was only after the circuit court granted the dismissal with prejudice that plaintiffs made an oral motion to amend their complaint. The circuit court's dismissal of the plaintiffs' complaint constituted a final judgment, after which the plaintiffs had no statutory right to

_____

[1]This court notes that plaintiffs do not challenge the circuit court's dismissal of the Chicago Title defendants with prejudice.

amend. Plaintiffs did not explain how they would cure the defective pleading, or why they had not sought leave to amend before this point. Based on these facts, we find that the circuit court did not abuse its discretion when it denied the plaintiffs' untimely oral motion for leave to file an amended complaint.

¶ 20 We similarly find that the circuit court did not err in denying plaintiffs' motion for leave to amend filed on June 6, 2014. This motion was filed six months after the dismissal with prejudice. Plaintiffs never explained the delay in filing. Moreover, plaintiffs' amended count I was identical to the previously filed count I. Accordingly, the circuit court did not abuse its discretion when it denied plaintiffs' motion for leave to amend filed on June 6, 2014.

¶ 21 Next, plaintiffs contend the circuit court erred when it denied their motion to reconsider the dismissal of their complaint against the Chicago Title defendants. Section 2-1203 of the Code provides that "[i]n all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2-1203 (West 2014). The decision to grant or deny a motion for reconsideration lies within the discretion of the circuit court and will not be reversed absent an abuse of that discretion. *North River Insurance Co. v. Grinnell Mutual Reinsurance Co.*, 369 Ill. App. 3d 563, 572 (2006). The intended purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law. *Id.*

¶ 22 The circuit court was correct to deny plaintiffs' motion to reconsider the dismissal of the complaint against the Chicago Title defendants. As previously stated, the circuit court dismissed the complaint against the Chicago Title defendants in December 2013. Plaintiffs filed their motion to reconsider in June 2014, some six months after the dismissal with prejudice. Section 2-1203 required plaintiffs' motion to be filed within 30 days of the December 2013 dismissal. Since the motion was not brought within 30 days, the motion was not timely, and the circuit court did not abuse its discretion in denying an untimely motion.

¶ 23 Next, the plaintiffs argue that the circuit court erred in granting the Wolfe defendants' section 2-615 motion to dismiss with prejudice. A section 2-615 motion to dismiss attacks the legal sufficiency of claims based on defects apparent on the face of the pleading. See *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). A section 2-615(a) motion presents the question of whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to state a cause of action upon which relief may be granted. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25 (citing 735 ILCS 5/2-615(a) (West 2010)). In ruling on a section 2-615 motion, the court only considers (1) those facts apparent from the face of the pleadings, (2) matters subject to judicial notice, and (3) judicial admissions in the record. *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 385 (2005). A section 2-615(a) motion dismissal is reviewed *de novo*. *Reynolds*, 2013 IL App (4th) 120139, ¶ 25. Additionally, it is well established exhibits relied on in pleading a complaint are considered part of it. *Gore v. Indiana Insurance Co.*, 376 Ill. App. 3d 282, 289 (2007). Where allegations made in the body of the complaint conflict with facts disclosed in the exhibits, the exhibits will control and the allegations will not be taken as true in evaluating the sufficiency of the complaint. *Bajwa v. Metropolitan Life Insurance Co.*, 208 Ill. 2d 414, 431 (2004).

¶ 24    Count II of plaintiffs' complaint was directed at the Wolfe defendants but failed to specify a legal theory under which relief was sought. Count II incorporated various facts concerning the underlying real estate transaction, but also incorporated as exhibits the sale agreement and recorded landmark ordinance. The complaint alleges that upon searching the recorder of deeds, plaintiffs discovered that the property was subject to Chicago's Landmark Ordinance. A copy of the ordinance was recorded with the deed to property on January 20, 1982, and showed that the property was part of the Longwood Drive district. As part of a historical district, any building permit would need to be approved by the Commission on Chicago Historical and Architectural Landmarks. After pleading these facts, plaintiffs alleged that they were damaged by Wolfe defendants' (1) failure to disclose the identified encumbrance and (2) failure to make the proper identification of property as a Chicago landmarked property.

¶ 25    Plaintiffs' first claim must fail because the parties' agreement did not require the Wolfe defendants to disclose the historical designation, and plaintiffs agreed to take the property subject to all restrictions of record.[2]

¶ 26    The Wolfe defendants' contractual obligation required them to convey good and marketable title subject to various conditions including restrictions of record. Paragraph 15 of the contract between plaintiffs and the Wolfe defendants states, "Title when conveyed will be good and merchantable, subject only to: general real estate taxes not due and payable at the time of Closing; covenants, conditions, and restrictions of record; and building lines and easements, if any, provided they do not interfere with the current use and enjoyment of the Real Estate." Accordingly, the Wolfe defendants agreed to convey good and merchantable title subject to "restrictions of record."

¶ 27    Plaintiffs also must be deemed to have constructive notice of the landmark designation. Constructive notice is knowledge that the law imputes to a purchaser, whether or not he had actual knowledge at the time of conveyance. *US Bank National Ass'n v. Villasenor*, 2012 IL App (1st) 120061, ¶ 59. There are two kinds of constructive notice: record notice and inquiry notice. *Id.* According to the theory of record notice, where an instrument of conveyance or a mortgage is recorded in the appropriate public office, the public record provides constructive notice to the whole world. (*Goldberg v. Ehrlich* (*In re Ehrlich*), 59 B.R. 646, 650 (Bankr. N.D. Ill. 1986). In Illinois, "[a] purchaser of land is charged with constructive notice not only of whatever is shown in the records of the office of the recorder of deeds, but in addition, with matters affecting the title of the land which appear in the records in the circuit, probate, and county courts in the county where the land is situated." *Eckland v. Jankowski*, 407 Ill. 263, 267 (1950). It is the duty of a purchaser of land to examine the record and he is chargeable with notice of whatever is shown by the record. *Id.* Plaintiffs, as purchasers, had a duty to investigate the public record at the recorder of deeds. Despite failing to investigate the public record, plaintiffs are charged with the knowledge that the property was landmarked because the designation had been recorded with the property in January 1982.

¶ 28    The landmark designation was recorded in January 1982 and the law imposes that knowledge on plaintiffs even if the plaintiffs did not review the public record until after the

___

[2]Plaintiffs claim that the designation of the property as a landmark represents an encumbrance on the title while the Wolfe defendants dispute that claim. However, based on the record, we need not decide this dispute.

- 6 -

purchase. *Id*. Plaintiffs also agreed to take title subject to restrictions of record. Accordingly, plaintiffs' first claim against the Wolfe defendants fails.

¶ 29 Plaintiffs' second claim also fails. By the terms of the Landmark Ordinance, the Wolfe defendants were not required to post landmark identification on the property. Plaintiffs attached, as Exhibit F to their complaint, the landmark designation that had been recorded in January 1982. Section 4 of Exhibit F states, "[t]he Commission on Chicago Historical and Architectural Landmarks is hereby directed to create a suitable plaque appropriately identifying said landmark and to affix said plaque to the property designated as a Chicago Landmark in accordance with provisions of Section 21-64(f) of the Municipal Code of Chicago." The plain terms of the landmark designation placed the obligation to affix a plaque to the property on the Commission on Chicago Historical and Architectural Landmarks, not the Wolfe defendants. Accordingly, plaintiffs' second claim did not state a cause of action upon which relief could be granted.

¶ 30 Because plaintiffs could not recover from the Wolfe defendants regarding the failure to disclose the landmark designation, and it was not the Wolfe defendants' obligation to affix a plaque, the circuit court was correct in dismissing the action against the Wolfe defendants with prejudice.

¶ 31 Next, plaintiffs contend that the circuit court erred in denying their oral motion for leave to amend at the time the circuit court granted the Wolfe defendants' motion to dismiss. In their brief before this court, plaintiffs state generally their belief they could have cured the defects in the pleading, which would not have surprised the Wolfe defendants, and the oral motion was timely requested. However, plaintiffs have failed to provide us with a transcript from the hearing, so the basis for the circuit court's denial and a full account of plaintiffs' oral motion are not before us. It is the plaintiffs' obligation to provide this court with a record sufficiently complete to permit review of the error complained of and doubts arising from presentation of the record are to be resolved against the appellants. *Coleman v. Windy City Ballon Port, Ltd.*, 160 Ill. App. 3d 408, 419 (1987). When portions of the record are lacking, it will be presumed that the circuit court acted properly in entry of the challenged order and that the order is supported by the part of the record not before the reviewing court. Because plaintiffs have failed to provide us with a transcript of the hearing where the court denied the oral motion for leave to amend, we must presume that it was correctly entered. The circuit court's denial of plaintiffs' oral motion to amend is therefore affirmed.

¶ 32 Finally, plaintiffs claim that the circuit court erred in denying their motion to reconsider and motion to amend pleading filed in June 2014 as it relates to the Wolfe defendants.

¶ 33 Plaintiffs filed their motion for leave to amend after the circuit court had already dismissed the Wolfe defendants with prejudice. As previously stated, plaintiffs had no statutory right to amend after the court entered a final judgment in favor of the Wolfe defendants, and the circuit court did not abuse its discretion in denying plaintiffs' untimely motion for leave to amend. *Compton*, 382 Ill. App. 3d at 332.

¶ 34 Plaintiffs also claim that the circuit court erred when it denied their motion to reconsider as it relates to the dismissal of their complaint against the Wolfe defendants. A motion to reconsider enables a party to bring to a court's attention newly discovered evidence, changes in the law, or errors in the court's application of existing law. *Martinez v. River Park Place, LLC*, 2012 IL App (1st) 111478, ¶ 23. The decision to grant a motion to reconsider lies within the sound discretion of the trial court and will not be disturbed on appeal absent an

abuse of discretion. *Midway Park Saver v. Sarco Putty Co.*, 2012 IL App (1st) 110849, ¶ 17. A trial court abuses its discretion when its ruling is arbitrary, fanciful, or unreasonable or when no reasonable person would adopt its view. *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009).

¶ 35    The circuit court correctly denied plaintiffs' motion to reconsider the dismissal of their complaint against the Wolfe defendants. A review of the motion demonstrates that the plaintiffs did not bring newly discovered evidence or changes in the law to the court's attention. The only claimed error related to the failure to place the landmark plaque on the property. However, the circuit court had already considered this argument in the briefing on the motion to dismiss and correctly rejected it. Additionally, as has been stated above, plaintiffs are deemed to have constructive notice of the landmark designation and it was not the Wolfe defendants' obligation to affix the plaque. Based on this, the circuit court did not abuse its discretion in denying plaintiffs' motion to reconsider the dismissal of the Wolfe defendants.

¶ 36                                CONCLUSION
¶ 37    For the foregoing reasons, the circuit court's various rulings challenged here are affirmed.

¶ 38    Affirmed.