2022 IL App (1st) 211617-U

FOURTH DIVISION
Order filed: December 15, 2022

No. 1-21-1617

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DLJ MORTGAGE CAPITAL, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 CH 11515 |
| | ) | |
| MYRA PENNY, | ) | Honorable |
| | ) | William B. Sullivan, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Rochford concur in the judgment.

**ORDER**

¶ 1     *Held*:  Appellant failed to demonstrate that the circuit court applied the incorrect standard when ruling on a motion for reconsideration when the record contained numerous examples of the court's use of the correct standard, and the circuit court was justified in disregarding an affidavit filed in support of the motion for reconsideration when the statements contained in the affidavit consisted of unsubstantiated allegations and non-professional legal opinions.

¶ 2    Appellant Myra Penny appeals a final judgment of foreclosure and a subsequent order confirming a foreclosure sale. Penny contends that the circuit court erred in denying her motion to reconsider the court's order granting summary judgment in favor of appellee DLJ Mortgage Capital, LLC ("DLJ"). We see no merit to Penny's arguments on appeal and affirm the circuit court's orders.

¶ 3    In 2000, Penny obtained a home loan secured by a mortgage in favor of CIT Group/Consumer Finance, Inc. ("CIT"). In 2014, DLJ filed a complaint seeking to foreclose on the mortgage. DLJ attached to the complaint several allonges demonstrating that CIT had assigned its interest in the mortgage to Aurora Loan Services, LLC, which in turn assigned its interest to U.S. Bank National Association, as Trustee on behalf of SASCO Mortgage Loan Trust 2007-RNP1 ("SASCO Trust"), which had then assigned its interest to DLJ.

¶ 4    Penny answered the complaint and asserted as an affirmative defense that DLJ had not demonstrated standing to foreclose. DLJ replied and moved for summary judgment on December 19, 2017. The court granted Penny until February 20, 2018, to file a response to the motion for summary judgment and, because she was acting *pro se* at the time, the court also referred Penny to the Daley Center's Resource Center for People Without Lawyers. On March 21, an attorney entered his appearance on Penny's behalf, stating that Penny had retained him to represent her on either March 12 or 13. Counsel requested an extension of time to respond to the motion for summary judgment, but the court did not grant counsel that opportunity. Instead, on March 21 the court granted DLJ's motion for summary judgment, entered a judgment of foreclosure, and ordered the sale of Penny's property.

¶ 5 On April 20, Penny filed a motion seeking reconsideration of the court's March 21 orders. Penny's two-paragraph motion did not assert any particular basis for reconsideration but rather asked for additional time to attach a supporting memorandum or affidavit and to conduct discovery. On May 16, Penny filed an affidavit from Joseph R. Esquivel, Jr., a private investigator from Texas. The affidavit contained statements regarding the chain of ownership of the mortgage at issue, which Esquivel stated were derived from the face of the mortgage and a search of the Cook County public records. The most notable of these statements was Esquivel's assertion that "[t]he SASCO Mortgage Loan Trust 2007-RNP1 was terminated on May 10, 2013," two months prior to Aurora's assignment of the mortgage to the SASCO Trust and the SASCO Trust's assignment of the mortgage to DLJ.

¶ 6 The circuit court held a hearing on Penny's motion at which the court heard argument from the parties. At the hearing, Penny's counsel clarified that Penny was seeking reconsideration based on newly discovered evidence allegedly suggesting that the foreclosure judgment had been obtained by fraud. Specifically, counsel argued that Esquivel's assertion regarding the termination of the SASCO Trust constituted newly discovered evidence that DLJ lacked standing to foreclose because the SASCO Trust was not in existence at the time that it allegedly obtained and then transferred its interest in the mortgage.

¶ 7 At the conclusion of the hearing, the court denied Penny's motion for reconsideration. The court found Esquivel's affidavit to not be credible and the court did not consider it because it consisted of legal conclusions beyond Esquivel's expertise as a private investigator. The court also stated that "there is no credible proof that there is an actual fraud perpetrated on the court that would justify myself at this juncture to enter an order *sua sponte*, *nunc pro tunc*, vacating the

motion for summary judgment." In November 2021, the circuit court approved the sale of Penny's home, and this appeal follows.

¶ 8    Penny raises two arguments on appeal. First, she asserts that the circuit court applied the wrong standard when ruling on the motion for reconsideration, as evidenced by its statement that there was no basis for a "*sua sponte*" vacation of the summary judgment. Second, Penny argues that the court erred when it disregarded Esquivel's affidavit on the basis that it contained non-professional legal opinions rather than statements of fact. We see no merit to either argument.

¶ 9    First, despite the court's usage of the phrase "*sua sponte*" in announcing its ruling, it is clear from the entirety of the hearing on Penny's motion for reconsideration that the circuit court applied the correct standard and understood that the matter was before the court on a party's motion rather than the court's. To begin, the court opened the hearing by announcing that the parties were present for "Myra Penny's motion to reconsider orders entered March 21, 2018." The court also noted that it had reviewed the motion and asked if there was anything Penny wanted to add to the motion. Further, during the hearing the court engaged with Penny's counsel regarding Penny's burden of proof on a motion to reconsider, and throughout the hearing the court and the parties applied the correct standard for a motion to reconsider filed under section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2018)), specifically, whether newly discovered evidence that was not previously available warrants modification or vacation of the judgment (see *Hachem v. Chicago Title Insurance Co.*, 2015 IL App (1st) 143188, ¶ 34). Thus, when looking at the entirety of the hearing, it is clear that the court here applied the correct standard and did not view this as a *sua sponte* matter. Therefore, Penny's first argument is without merit.

¶ 10    Second, Penny asserts that the circuit court erred when it refused to consider Esquivel's affidavit on the basis that it consisted of legal opinions from a non-lawyer. Penny maintains that the affidavit contained factual allegations that the court should have considered, principally the allegation that the SASCO Trust had been terminated prior to its supposed acquisition and subsequent dispossession of the mortgage at issue. However, "[t]he submission of a new matter on *** a motion [for reconsideration] after a motion for summary judgment has been granted lies in the discretion of the trial court" (*Delgatto v. Brandon Associates, Ltd.*, 131 Ill. 2d 183, 195 (1989)), and "a trial court is not necessarily obliged to consider new evidence after ruling on a summary judgment motion" (*Buffa v. Haideri*, 362 Ill. App. 3d 532, 538 (2005)). This is particularly true when the party presenting the new evidence has not shown why the material was not offered earlier. See *Gardner v. Navistar International Transportation Corp.*, 213 Ill. App. 3d 242, 248 (1991) (holding that the circuit court was justified in disregarding an affidavit purportedly containing newly discovered evidence when the party offering the evidence had not shown why the evidence was not presented prior to the court's summary judgment ruling).

¶ 11    Esquivel's affidavit as it appears in the certified record did indeed contain numerous legal opinions and did not contain any explanation regarding the basis for Esquivel's assertion that the SASCO Trust had been "terminated" in May 2010. Consequently, the affidavit did not establish why the information could not have been obtained earlier or why the assertion was reliable. Rather, as it appears in the affidavit, Esquivel's allegation of the SASCO Trust's termination was merely a conclusory statement situated amongst a litany of non-professional legal opinions. Consequently, the affidavit failed to demonstrate the existence of newly discovered evidence warranting vacation of the judgment, and the circuit court was justified in its decision to disregard the affidavit. At the

very least, Penny has failed to demonstrate that the court's decision was so arbitrary and unreasonable as to amount to an abuse of discretion.

¶ 12    Accordingly, we affirm the summary judgment, the denial of the motion for reconsideration, and the confirmation of sale.

¶ 13    Affirmed.